Michael Patterson
**ELDRIDGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–86–0543–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 23, 1987.

Ken J. McClean, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Cathleen C. Herasimchuk, Bob Stabe, Harris County Asst. Dist. Attys., Houston, for appellee.

Before DUNN, WARREN and HOYT, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a conviction in a deferred adjudication proceeding where the appellant was denied the benefit of a "hearing" under Tex.Code Crim.P.Ann. art. 42.12 § 3d(b) (Vernon Supp.1987).

On July 11, 1986, the appellant entered a plea of guilty to the offense of burglary of a vehicle. He appeared before the presiding judge of the district court, accompanied by retained counsel. The State made no recommendation in the case, but the judge reduced the charge to a misdemeanor, granted the appellant deferred adjudication, placed him on one year's probation, and assessed a $500 fine. After accepting the appellant's plea and granting him deferred adjudication, the judge explained the terms and conditions of probation to the appellant. She asked the appellant, who was under oath, whether he had used drugs before. The appellant, just 18, a high-school student, vacillated and then stated that he had not used marihuana.

After his attorney left the courtroom, the appellant admitted to his mother that he had indeed smoked ¼ of a marihuana cigarette some five to six weeks earlier while on a camping trip. This discussion occurred because of the appellant's prior discussion with a probation officer, who informed him that he would be tested for drugs that very day. The appellant and his mother then returned to the courtroom, and told the trial judge that the appellant had lied earlier. At this time, the appellant's counsel was unavailable except by phone. The judge, the appellant, and his mother all spoke with the appellant's attor-

ney. After these discussions, and without a written motion to adjudicate, the judge proceeded to final adjudication, sentenced the appellant to 30 days in jail, and assessed a $500 fine.

■ At the outset, the State argues that this Court does not have jurisdiction, because Texas law prohibits any appeal from the determination of an adjudication hearing. As authority for this position, the State cites Tex.Code Crim.P.Ann. art. 42.12 § 3d(b) (Vernon Supp.1987). This article states:

> The defendant is *entitled to a hearing* limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination.

(Emphasis added.)

As a general rule, this Court may not entertain an appeal from the trial court's adjudication of guilt. *See Homan v. Hughes*, 708 S.W.2d 449, 451 (Tex.Crim. App.1986); *Contreras v. State*, 645 S.W.2d 298, 299 (Tex.Crim.App.1983); *Williams v. State*, 592 S.W.2d 931, 932–33 (Tex.Crim. App.1979). However, article 42.12 also states that the defendant is "entitled to a hearing." The United States Supreme Court has enunciated the "minimum requirements of due process" that must be observed in probation revocation hearings. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). They include: written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, the opportunity to be heard in person, and by counsel, and to present witnesses, the right to confront and cross-examine adverse witnesses, a "neutral and detached" hearing body, and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation. *See also Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Ruedas v. State*, 586 S.W.2d 520 (Tex.Crim.App.1979).

As noted above, none of these requirements, except the opportunity to be heard, albeit without advice of counsel or time for preparation, were satisfied in the case before us.

Article 42.12 does not deprive this Court of jurisdiction to determine if a "hearing" was held that satisfied the requirements of substantive and procedural due process. The Tyler Court of Appeals addressed an appellant's claim that his right to counsel was violated when the trial court proceeded to final adjudication of his guilt when his counsel was not present. *Fuller v. State*, 653 S.W.2d 65 (Tex.App.—Tyler 1983, no writ). Although the appellant in *Fuller* was assessed punishment under article 42.-13 § 3d(b), rather than article 42.12 § 3d(b), rather than article 42.12 § 3d(b), the two sections were identical at the time *Fuller* was considered. Misdemeanor Adult Probation and Supervision Law, ch. 654, § 3d(b), 1979 Tex.Gen.Laws, Local & Spec. 1514, 1516, *repealed by* Probation, Parole and Executive Clemency—Administration and Procedure, ch. 427, § 3, 1985 Tex.Gen. Laws 2895, 2958. The *Fuller* court stated that they could not conclude from the record that the appellant had made a knowing, intelligent, and voluntary waiver of his right to counsel at the hearing prior to proceeding to final adjudication, and therefore, reversed the trial court's order of final adjudication.

■ The State argues that appellant has not made any showing of injury or harm as a result of the State's failure to file a written motion to adjudicate. This argument ignores the Court of Criminal Appeals statement that the:

> proceeding to revoke probation, although not the same as a criminal trial, requires substantially all of the same procedure ... An adversary proceeding is afforded the probationer in which almost all of the rules of evidence and criminal procedure are applicable....

*Whisenant v. State*, 557 S.W.2d 102, 105 (Tex.Crim.App.1977).

We find that, in the case before us, no meaningful "hearing" was provided the appellant in the manner required by *Scarpelli.*

The order of final adjudication revoking the appellant's probation is reversed, and

the order granting deferred adjudication is reinstated.