**Thaddius C. GOINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–91–00070–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 5, 1992.

---

Jim Heaney, Mike DeGeurin, Houston, for appellant.

Ernest Davila, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Thaddius C. Goins, appeals his judgment adjudicating guilt for the offense of aggravated assault. TEX.PENAL CODE ANN. § 22.02 (Vernon 1989). Appellant was charged with the offenses of attempted murder and aggravated assault. On March 23, 1989 a plea bargain was entered into, the state recommended that the court defer adjudication of appellant's guilt and place him on probation in exchange for appellant's plea of "no contest" to the aggravated assault charge. The State abandoned the attempted murder count of the indictment. The court accepted appellant's "no contest" plea, deferred a finding on guilt, placed Appellant on probation for five years and assessed a fine of $500. Subsequently, after a hearing on January 18, 1991, the court determined that appellant had violated the terms of his probation. The Court adjudicated guilt, found him guilty and assessed punishment at ten years confinement in the Institutional Division of the Texas Department of Criminal Justice. We dismiss because we lack jurisdiction to hear this appeal.

On May 15, 1990, the State filed a Motion to Adjudicate Guilt in which it was alleged that appellant violated terms and conditions of his probation as follows:

Failing to avoid injurious or vicious habits, to-wit: THADDIUS GOINS did ingest/inject a controlled substance, namely, Cocaine Metabolite, which was evidenced by the presence of Cocaine Metabolite in a urine sample taken from THADDIUS GOINS on April 26, 1990 at Harris County Community Supervision and Corrections Department.

A hearing on the State's motion was held on January 18, 1991. The State introduced evidence that on April 26, 1990, appellant submitted a urine specimen to a temporary monitor clerk at 49 San Jacinto, and that specimen was tested and found to be positive for Cocaine Metabolite. After the hearing, the trial court entered a judgment adjudicating guilt citing to the April 26, 1990 violation as the incident which violated his probation.

Appellant argues in four points of error that the trial court erred in adjudicating guilt after an initial assessment of deferred adjudication probation. Appellant argues the evidence was insufficient to establish a violation of the condition of probation as charged in the state's motion to adjudicate guilt, because the state did not prove that appellant engaged in injurious or vicious habits since only one instance of drug use was pled. Appellant also argues that because there was insufficient evidence presented, the trial court's order violated appellant's right to due process of law guaranteed by the fifth and fourteenth amendments to the United States Constitution as well as appellant's right to due course of law guaranteed by article 1, section 10 of the Texas Constitution.

It is well settled that an appeal cannot be taken from the trial court's *decision* to proceed with an adjudication of guilt on a deferred adjudication. *Castro v. State*, 807 S.W.2d 417, 419 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *Ex parte Hernandez*, 705 S.W.2d 700, 702 (Tex.Crim.App. 1986) (en banc) ("settled is the proposition that one may not appeal from a determination to proceed with an adjudication of guilt under Article 42.12 sec. 3d(b) [now num-

bered Article 42.12 sec. 5]"); *Russell v. State,* 702 S.W.2d 617, 618 (Tex.Crim.App. 1985), *cert denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986); *Contreras v. State,* 645 S.W.2d 298 (Tex.Crim.App.1983) (en banc); *Daniels v. State,* 615 S.W.2d 771 (Tex.Crim.App.1981); *Williams v. State,* 592 S.W.2d 931 (Tex.Crim.App. [Panel Op.] 1979); TEX.CODE CRIM.PROC.ANN. art. 42.12 sec. 5(b) (Vernon Supp.1992) (formerly numbered TEX.CODE CRIM.PROC.ANN. art. 42.12 sec. 3d(b)) (violation of a condition of probation imposed under Subsection (a) [deferred adjudication] ... The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.*) (emphasis). Appellant cites *Eldridge v. State,* 731 S.W.2d 618, 619 (Tex.App.—Houston [1st Dist.] 1987, no pet.) to support his position that we have authority to review this case as a due process violation. In *Eldridge,* the first court of appeals allowed an appeal from the trial court's decision to adjudicate guilt, because the trial court did not give the defendant a meaningful hearing to determine whether to proceed with adjudication of guilt (i.e. no attorney and no written motion to adjudicate guilt). Since article 42.12(5)(b) requires a hearing, the first court held it had jurisdiction pursuant to the statute and then held that without a meaningful hearing, due process rights were violated. In the present case, a meaningful hearing was conducted by the court, therefore, we find no basis for finding jurisdiction for this appeal. Appellant's four points of error present nothing for review.

Accordingly, we dismiss for want of jurisdiction.