NUMBER 13-99-193-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


MELVA SUE TATUM, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 24th District Court of Victoria County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 On September 6, 1995, appellant, Melva Sue Tatum, pleaded
guilty to the offense of aggravated robbery as part of a plea agreement. 
The trial court deferred adjudicating appellant's guilt, placed her on
deferred adjudication community supervision for ten years, and ordered
that she complete 320 hours of community service as restitution.

 The State subsequently filed a motion to adjudicate guilt. After
hearing the motion, the trial court found appellant had violated her
community supervision by: (1) using marihuana and cocaine, (2) failing
to report to her supervision officer, (3) failing to pay supervision fees, (4)
failing to pay for her court-appointed attorney, and (5) failing to
complete her community service restitution. The trial court revoked
appellant's community supervision, found her guilty of the offense of
aggravated robbery, and assessed her punishment at twelve years
imprisonment in the Institutional Division of the Texas Department of
Criminal Justice.

 Appellant's counsel has filed a brief in which she has concluded
that this appeal is wholly frivolous and without merit. The brief meets
the requirements of Anders v. California, 386 U.S. 738 (1967), as it
presents a professional evaluation of why there are no arguable grounds
for advancing an appeal. See Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991). Appellant's counsel states in the brief that she has
informed appellant of her right to examine the appellate record and to
file a pro se brief. No such brief has been filed.

 Article 42.12, section 5 of the code of criminal procedure controls
questions concerning deferred adjudication community supervision and
motions to adjudicate guilt. Article 42.12, section 5(b) states, in
relevant part, as follows:

 On violation of a condition of community supervision
imposed under Subsection (a) of this section, the defendant
may be arrested and detained . . . . The defendant is entitled
to a hearing limited to the determination by the court of
whether it proceeds with an adjudication of guilt on the
original charge. No appeal may be taken from this
determination.

 

Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2000).

 It is well settled that no appeal may be taken from the hearing in
which the trial court determines to proceed with an adjudication of guilt
on the original charge. Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim.
App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992); Russell v. State, 702 S.W.2d 617, 618 (Tex. Crim. App. 1985);
Leal v. State, 962 S.W.2d 652, 653 (Tex. App.--Corpus Christi 1998);
Lindsey v. State, 902 S.W.2d 9, 13 (Tex. App.--Corpus Christi 1995). 
This section provides that an appeal may not be taken from the trial
court's determination to adjudicate guilt after deferred adjudication. 
Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2000). 
Proceedings subsequent to an adjudication of guilt are appealable. Id. 
This rule is designed to eliminate appellate review of the hearing on the
motion to adjudicate guilt, including but not limited to issues such as
admissibility and sufficiency of the evidence. Gilbert v. State, 852
S.W.2d 623, 625 (Tex. App.--Amarillo 1993, no pet.); De Leon v. State,
797 S.W.2d 186, 188 (Tex. App.--Corpus Christi 1990, no pet.);
Dahlkoetter v. State, 628 S.W.2d 255, 257 (Tex. App.--Amarillo 1982,
no pet.).

 There are a limited number of grounds under art. 42.12, section
5(b) allowing an appeal against the trial court's decision to adjudicate;
these concern matters of procedure and jurisdiction. See, e.g., Price v.
State, 846 S.W.2d 37, 39 (Tex. App.--Dallas 1992), rev'd on other
grounds, 866 S.W.2d 606 (Tex. Crim. App. 1993), Eldridge v. State, 731
S.W.2d 618, 619 (Tex. App.--Houston [1st Dist.] 1987, no pet.); Fuller
v. State, 653 S.W.2d 65, 66-67 (Tex. App.--Tyler 1983, no pet.);
Dahlkoetter, 628 S.W.2d at 257-58.

 We have carefully reviewed the entire record and counsel's brief
and agree that this appeal is wholly frivolous and without merit. We
find nothing in the record which might arguably support this appeal.

 We conclude we are without jurisdiction to consider this appeal. 
We dismiss this appeal for want of jurisdiction.




 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 1st day of June, 2000.