Katisa Lynn WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–00–365 CR.

Court of Appeals of Texas, Beaumont.

Submitted June 22, 2001.

Decided June 27, 2001.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., Wayln G. Thompson, Asst. Crim. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

WALKER, Chief Justice.

Katisa Lynn Williams appeals from her conviction for aggravated assault with a deadly weapon, and her sentence of five years of incarceration in the Texas Department of Criminal Justice, Institutional Division. The trial court granted permission to appeal. The sole issue presented on appeal states, "The trial court abused its discretion in revoking appellant's probation."

Williams pleaded guilty. On March 28, 1994, the trial court found that the evidence supported a finding of guilt, deferred adjudication of guilt, and placed Williams on community supervision for ten years. On September 17, 1997, Williams filed a motion for early termination of probation. Her community supervision officer recommended that the request be denied because Williams had five previous administrative violations. The officer reported that Williams had been on either intensive supervision probation or surveillance for the entire period of her probation. The trial court inscribed the report with the following order: "Defendant to be placed on Inactive probation." Williams did not object to the action taken by the trial court. No motion to adjudicate guilt or to modify community supervision was filed at that time.

On May 4, 2000, the State filed a "Motion to Revoke Unadjudicated Probation," on the grounds that Williams committed a criminal offense while on community supervision. Williams pleaded "true" to violating the community supervision order. She raised no objection to the proceedings at any time. At the sentencing hearing, Williams explained to the judge that the three pounds of marijuana recovered from the vehicle were for personal use. Again, Williams raised no objection to the imposition of sentence. She did not file a motion for new trial.

■ Williams challenges the specificity of the trial court's order for the first time on appeal. Williams concedes she was indeed on community supervision at the time she committed a criminal offense, but contends that "inactive probation" is not a clear, explicit, and unambiguous order such that the probationer may know the requirements of probation.

■ Error relating to conditions of probation is subject to procedural default. *Speth v. State*, 6 S.W.3d 530, 534–35 (Tex. Crim.App.1999). *Greathouse v. State*, 33 S.W.3d 455, 458 (Tex.App.—Houston [1st Dist.] 2000, no pet.), distinguished *Speth* in a case where the trial court imposed new and vague terms of probation in a revoca-

tion proceeding. When the probationer established his inability to pay $11,600 per month, as required by the original community supervision order, the trial court revoked probation because the probationer failed to pay "as much restitution as possible." *Id.* at 457. The court of appeals held the implied condition to be void. In the case *sub judice,* the trial court proceeded with adjudication of Williams's guilt not for failure to report to her probation officer, but for the commission of a criminal offense, as clearly and unequivocally prohibited by Condition No. 1 of the original deferred adjudication order. There is absolutely no evidence in the record that Williams incorrectly believed that her community supervision had been terminated or that she failed to understand that her guilt for aggravated assault might be adjudicated if she possessed a controlled substance on April 6, 2000.

■ The minimum requirements of due process that must be observed in probation revocation hearings include: written notice of the claimed probation violation, disclosure to the probationer of the evidence against her, the opportunity to be heard in person, and by counsel, and to present witnesses, the right to confront and cross-examine adverse witnesses, the right to a neutral and detached hearing body, and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation. *Eldridge v. State,* 731 S.W.2d 618, 619 (Tex.App.—Houston [1st Dist.] 1987, no pet.) (citing *Ruedas v. State,* 586 S.W.2d 520, 523 (Tex.Crim.App. 1979)). The proceedings before the trial court in this case comport with the requirements of due process.

■ The decision to adjudicate guilt is within the absolute discretion of the trial court. *Williams v. State,* 592 S.W.2d 931, 932–33 (Tex.Crim.App.1979). Issue one is overruled. The judgment and sentence of the trial court are affirmed.

AFFIRMED.