TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING










NO. 03-03-00118-CR






Mark Atchison, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 99-691-K368, HONORABLE BURT CARNES, JUDGE PRESIDING






S U P P L E M E N T A L O P I N I O N




In his motion for rehearing, appellant complains that we failed to address three
arguments made in his brief. These arguments were not brought to the Court as points of error. 
Instead, they were woven into appellant's global argument in support of his claim that the State
failed to prove the alleged violations of the conditions of supervision.

The first argument is that article 42.12, section 5(b) violates due process by
prohibiting appeals from the determination to proceed to adjudication. See Tex. Code Crim. Proc.
Ann. art. 42.12, § 5(b) (West Supp. 2004). It has been held, however, that there is no federal or state
constitutional right to appeal a criminal conviction. Phynes v. State, 828 S.W.2d 1,2 (Tex. Crim.
App. 1992) (citing McKane v. Durston, 153 U.S. 684, 687-88 (1894)). The right to appeal is
regulated by the legislature. Id. "[W]hen a legislative enactment says an accused may not appeal
a determination to adjudicate, there is no right to do so." Id. Phynes, cited on original submission,
clearly contradicts appellant's assertion that due process entitles him to appeal the determination to
proceed to adjudication. Black v. Romano, 471 U.S. 606, 616 (1985), relied on by appellant and
discussed on original submission, does not support appellant's claim to a due process right of appeal.

Next, appellant argues that article 42.12, section 5(b) violates equal protection
because there is no rational basis for distinguishing between ordinary probationers and deferred
adjudication probationers with respect to the right of appeal. But as appellant conceded in his brief
to this Court, the legislature is entitled to create two types of community supervision, each with its
own advantages and disadvantages from the defendant's standpoint. We agree with the other courts
that have held that the limitation on the right of appeal is a rational part of the overall deferred
adjudication scheme. Faerman v. State, 966 S.W.2d 843, 847 (Tex. App.--Houston [14th Dist.]
1998, no pet.); Rocha v. State, 903 S.W.2d 789, 791 (Tex. App.--Dallas 1995, no pet.); Buchanan
v. State, 881 S.W.2d 376, 380 (Tex. App.--Houston [1st Dist.] 1994), remanded on other grounds,
911 S.W.2d 11 (Tex. Crim. App. 1995).

Finally, appellant argues that he was denied the hearing to which he was statutorily
entitled. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (defendant is entitled to hearing to
determine whether court should proceed to adjudication). Appellant urges that "a proceeding in
which there is insufficient evidence to support adjudication is not a 'hearing' within the meaning of
[the statute]."

In Eldridge v. State, 731 S.W.2d 618, 619 (Tex. App.--Houston [1st Dist.] 1987, no
pet.), cited by appellant, the trial court proceeded to adjudication without a written motion. The
court of appeals reversed, holding that article 42.12 did not deprive it of jurisdiction to determine
if a constitutionally adequate hearing was held. Id.; see Gagnon v. Scarpelli, 411 U.S. 778, 786
(1973) (minimum due process requirements at probation revocation proceeding). Assuming that the
holding in Eldridge is correct, a question we do not decide, it does not benefit appellant. (1) The record
before us establishes that appellant was accorded all of his due process rights under Gagnon v.
Scarpelli: he was given written notice of the claimed violations of supervision; the evidence against
him was disclosed; he was given the opportunity to be heard and to present witnesses at the
adjudication hearing; he was allowed to confront and cross-examine adverse witnesses; the motion
to adjudicate was heard by a neutral and detached decision maker; and the evidence relied on and
reasons for adjudicating were stated in writing. 411 U.S. at 786. Eldridge does not hold or support
appellant's claim that the statutory right to an adjudication hearing entitles him to challenge the
sufficiency of the evidence adduced at that hearing. (2)

The remaining points in appellant's motion for rehearing merely disagree with
statements and conclusions in the original opinion and require no discussion. The motion for
rehearing is overruled.



 __________________________________________

 David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Motion for Rehearing Overruled

Filed: December 18, 2003

Publish

1. It has been said that there is "a clear tension" between the holding in Eldridge and the court
of criminal appeals' later holding in Phynes that a defendant cannot complain on appeal that he was
denied effective assistance of counsel at a adjudication hearing. 43A George E. Dix & Robert O.
Dawson, Texas Practice: Criminal Practice and Procedure § 43.172 (2d ed. 2001). Eldridge is also
inconsistent with other opinions holding that procedural errors in the adjudication process cannot
be raised on appeal. See id. § 43.169 n.10 (collecting cases).
2. Appellant also cites the concurring opinion in Small v. State, 977 S.W.2d 771, 777 (Tex.
App.(Tex. App.--Fort Worth 1998, no pet.). Judge Dauphinot states that she would permit appellate
review of the legal sufficiency of the evidence introduced to prove the alleged violations. This is
contrary to the holding in Willliams v. State, 592 S.W.2d 931, 932 (Tex. Crim. App. 1979), which
we discussed on original submission.