**Marissa Yvonne TREVINO, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–04–492–CR.**

Court of Appeals of Texas,
Fort Worth.

April 21, 2005.

David Richards, Fort Worth, for Appellant.

Tim Curry, Crim. D.A., Charles M. Mallin, Asst. Crim. D.A. and Chief of the Appellate Division, and Kimberley Wesley, and Kim D'Avignon, Asst. Crim. D.As., Fort Worth, for State.

PANEL A: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

## OPINION

SUE WALKER, Justice.

Appellant Marissa Yvonne Trevino appeals the trial court's judgment adjudicating her guilty of the offense of possession of methamphetamine of one gram or more but less than four grams and sentencing her to four years' confinement. In a single point, she claims that her due process rights under the Texas Constitution were violated when her probation was revoked pursuant to code of criminal procedure article 42.12, section 5. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5 (Vernon Supp. 2004–05). Appellant argues that the statute is facially unconstitutional because it implements a total restriction on appellate complaints involving the trial court's decision to adjudicate. The court of criminal appeals has held that the Texas Constitution does not provide a right to appellate review of criminal convictions; the Legislature therefore may properly limit or even deny the right to appeal a criminal conviction entirely. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992); *see also Henderson v. State*, 132 S.W.3d 112, 114 (Tex.App.-Dallas 2004, no pet.). Consequently, the statutory denial of the right to appeal as set forth in article 42.12, section 5(b) is not facially unconstitutional. *Phynes*, 828 S.W.2d at 2. We overrule

Appellant's point and affirm the trial court's judgment.

DAUPHINOT, J., filed a dissenting opinion.

LEE ANN DAUPHINOT, Justice, dissenting.

I write separately to point out that the Texas Constitution does create the right to appeal,[1] and it is that document which gives our legislature the authority to place limits on that right.[2]

As I have stated previously,

The cornerstone of the restricted appeal from an adjudication hearing is not that the right to appeal is a legislatively created right, as this court has erroneously stated in the past. Rather, it is that the constitutionally-grounded right to appeal may be regulated by the legislature.[3] Specifically, "in this state, the right of appeal is conferred only by the Constitution, with such exceptions or limitations as the legislature directs by statute."[4] Constitutional guarantees of due process and equal protection require that once the right to appeal a criminal

conviction exists, it must be fairly applied.[5]

The legislature has prohibited a defendant's questioning the decision to adjudicate.[6] The legislature has not prohibited his challenging the procedure, that is, the propriety of the conduct of the adjudication hearing. Were we to continue blindly to adhere to the notion that there are no constitutional limits to the legislature's authority to regulate appeals, we would be forced to hold that the legislature could write into every statute it passes that there could be "no appeal challenging the constitutionality of this statute."

To hold that the legislature may suspend all constitutional guarantees to persons on deferred adjudication community supervision invites capricious and arbitrary decisions to adjudicate.[7] The law is well established that, in a criminal case, defendants are entitled to due process in community supervision[8] and parole revocation[9] hearings. Similarly, section 5(b) "does not deprive this Court of jurisdiction to determine if a 'hearing' was held that satisfied the requirements of substantive and procedural due process."[10] As an appellate

1. TEX. CONST. art. V, § 5(a), (b).

2. *Id.*

3. *Rinaldi v. Yeager,* 384 U.S. 305, 310, 86 S.Ct. 1497, 1500, 16 L.Ed.2d 577 (1966); *Phynes v. State,* 828 S.W.2d 1, 2 (Tex.Crim. App.1992).

4. *Millican v. State,* 145 Tex.Crim. 195, 167 S.W.2d 188, 191 (1943) (op. on reh'g).

5. *Small v. State,* 977 S.W.2d 771, 776–77 (Tex.App.-Fort Worth 1998, no pet.) (Dauphinot, J., concurring).

6. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2004–05).

7. Of course, a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal

Procedure is always available, but it seems an unnecessary burden to place on the Texas Court of Criminal Appeals.

8. *See Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656 (1973); *Ruedas v. State,* 586 S.W.2d 520, 523 (Tex.Crim.App. [Panel Op.] 1979).

9. *See Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972).

10. *Eldridge v. State,* 731 S.W.2d 618, 619 (Tex.App.-Houston [1st Dist.] 1987, no pet.); *see Gilbert v. State,* 852 S.W.2d 623, 625–26 (Tex.App.-Amarillo 1993, no pet.) ("[A]rt. 42.12, § 5(b) . . . is not intended to preclude challenges to all of the rulings a trial court may potentially make in the course of a deferred adjudication proceeding. . . . The adjudication hearing must provide a defendant

court, we must ensure that constitutional protections are honored. In doing so, we are obligated to entertain claims regarding the constitutionality of a statute or constitutional violations in the statute's application.

I would hold that Appellant may challenge the admissibility of evidence at the adjudication hearing as well as the legal sufficiency of the evidence to prove a violation. The courts have already recognized that a defendant may challenge the impartiality of the judge and the fairness of the proceeding.[11] But once it is clear that a defendant's due process interests were adequately protected, the decision to adjudicate, lying within the sound discretion of the judge, may not be appealed.

Because the majority relies on the mistaken premise that the Texas Constitution does not provide a right to appellate review of criminal convictions in summarily holding that article 42.12, section 5(b) is not facially unconstitutional, I respectfully dissent.

---

with minimum substantive and procedural due process protection."); *Goins v. State*, 826 S.W.2d 733, 735 (Tex.App.-Houston [14th Dist.] 1992, no pet.); *see also Homan v. Hughes*, 708 S.W.2d 449, 452 (Tex.Crim.App. 1986) ("Nothing in Art. 42.12, supra, prohibits appeal of matters unrelated to the determination of guilt after a deferred adjudication. In fact, a plain reading of the germane section indicates just the opposite."); *Wright v. State*, 592 S.W.2d 604, 605 (Tex.Crim.App. [Panel Op.] 1980); *Earley v. State*, 855 S.W.2d 260, 261–63 (Tex.App.-Corpus Christi 1993), *pet. dism'd, improvidently granted*, 872 S.W.2d 758 (Tex.Crim.App.1994); *De Leon v. State*, 797 S.W.2d 186, 187–88 (Tex.App.-Corpus Christi 1990, no pet.) ("[A] body of decisional law has developed to allow a defendant to raise limited challenges to the trial court's decision to adjudicate.").

**11.** *See, e.g., Earley*, 855 S.W.2d at 262–63.