[COMMENT1] 

 

 

 

 

 

                                      COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-04-311-CR

 

 

HARRY JAMES WHITNEY                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT COURT
NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                       I. 
Introduction








Appellant
Harry James Whitney appeals the trial court=s judgment adjudicating him guilty
of the offense of sexual assault of a child under seventeen years of age and
sentencing him to three years= confinement.  In two points, Whitney complains that
article 42.12, section 5 of the Texas Code of Criminal Procedure is
unconstitutional and that his trial counsel was ineffective.  See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5 (Vernon Supp. 2005).  We will affirm.

II. 
Procedural Background

On
July 28, 2003, Whitney entered an open plea of guilty to the offense of sexual
assault of a child under seventeen years of age.  The trial court ordered a pre-sentence investigation report, and
on November 25, 2003, the trial court placed Whitney on deferred adjudication
community supervision for ten years.  On
May 25, 2004, the State filed a petition to proceed to adjudication, alleging that
Whitney had been discharged from his sex offender treatment program because he
had failed to attend a counseling appointment and had failed to complete the
required community safety polygraph, that Whitney had been within 300 feet of a
place where children commonly gather, that he had attempted contact with minor
children, and that he had failed to pay court costs.  On June 24, 2004, the trial court held a hearing and found that
Whitney had violated the terms of his supervision, adjudicated him guilty, and
assessed his punishment at three years= confinement.  The record contains no transcript of this
hearing.

III. 
Constitutionality of Article 42.12, Section 5 








In
his first point, Whitney argues that article 42.12, section 5 of the code of criminal
procedure is unconstitutional because it denies a defendant the right to a
non-arbitrary decision by a neutral and impartial court, thus violating the
Equal Protection and Due Process Clauses of the United States and Texas
Constitutions.  

We
recently addressed whether the statutory denial of the right to appeal as set
forth in article 42.12, section 5(b) is facially unconstitutional in  Trevino v. State, 164 S.W.3d 464, 464
(Tex. App.CFort Worth 2005, no pet.).  As we stated in Trevino, the court of
criminal appeals has held that the Texas Constitution does not provide a right
to appellate review of criminal convictions and that the legislature therefore
may properly limit or even deny the right to appeal a criminal conviction
entirely.  Id. (citing Phynes
v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992), and Henderson v. State,
132 S.W.3d 112, 114 (Tex. App.CDallas 2004, no pet.)).[2]  Because article 42.12, section 5(b) bars an
appeal from the trial court=s determination to proceed with an
adjudication of guilt, we dismiss Whitney=s first point.  See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b).








IV.  Effective
Assistance of Counsel

In
his second point, Whitney contends that his trial counsel was ineffective
because he failed to have the court reporter transcribe the punishment hearing.


To
establish ineffective assistance of counsel, appellant must show by a preponderance
of the evidence that his counsel=s representation fell below the
standard of prevailing professional norms and that there is a reasonable
probability that, but for counsel=s deficiency, the result of the
trial would have been different.  Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State,
65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d
770, 770 (Tex. Crim. App. 1999).








In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each
case.  Thompson, 9 S.W.3d at
813.  The issue is whether counsel's
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688-89, 104 S. Ct. at
2065.  Review of counsel=s representation is highly deferential, and the reviewing
court indulges a strong presumption that counsel=s conduct fell within a wide range
of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct appeal
to fairly evaluate the merits of an ineffective assistance claim.  Thompson, 9 S.W.3d at 813-14.  AIn the majority of cases, the
record on direct appeal is undeveloped and cannot adequately reflect the
motives behind trial counsel=s actions.@  Salinas,
163 S.W.3d at 740 (quoting Mallett, 65 S.W.3d at 63).  To overcome the presumption of reasonable
professional assistance, Aany allegation of ineffectiveness
must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness.@ 
Salinas, 163 S.W.3d at 740 (quoting Thompson, 9 S.W.3d at
813). 

Here,
there is no record of the proceedings against Whitney, and Whitney failed to
file and secure a hearing on a motion for new trial.  The record is silent regarding why Whitney=s trial counsel failed to request a record of the
punishment hearing or whether he objected to the failure to record the
hearing.  Thus, we hold that Whitney
failed to meet the first prong of Strickland.  See Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065; Salinas,
163 S.W.3d at 740 (quoting Thompson, 9 S.W.3d at 813).  We overrule Whitney=s second point.

 

 








V.  Conclusion

Having
dismissed Whitney=s first point and having overruled
his second point, we affirm the trial court=s judgment.

 

 

 

SUE WALKER

JUSTICE

 

PANEL
F:    DAUPHINOT, GARDNER, and WALKER, JJ.

 

DAUPHINOT, J. filed a dissenting opinion.

 

PUBLISH

 

DELIVERED: March 23, 2006

 

 

 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-04-311-CR

 

 

HARRY JAMES WHITNEY                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                   DISSENTING OPINION

 

                                              ------------

I write
separately to point out that the Texas Constitution does create the right to
appeal,[1] and it is that document
which gives our legislature the authority to place limits on that right.[2]

As I have
stated previously,








The cornerstone of the restricted
appeal from an adjudication hearing is not that the right to appeal is a
legislatively created right, as this court has erroneously stated in the
past.  Rather, it is that the
constitutionally‑grounded right to appeal may be regulated by the
legislature.[3]  Specifically, Ain this state, the right of appeal
is conferred only by the Constitution, with such exceptions or limitations as
the legislature directs by statute.@[4] 
Constitutional guarantees of due process and equal protection require
that once the right to appeal a criminal conviction exists, it must be fairly
applied.[5]

 

The
legislature has prohibited a defendant=s questioning the decision to
adjudicate.[6]  The legislature has not prohibited his
challenging the procedure, that is, the propriety of the conduct of the
adjudication hearing.  Were we to continue
blindly to adhere to the notion that there are no constitutional limits to the
legislature=s authority to regulate appeals,
we would be forced to hold that the legislature could write into every statute
it passes that there could be Ano appeal challenging the
constitutionality of this statute.@













To hold that
the legislature may suspend all constitutional guarantees to persons on
deferred adjudication community supervision invites capricious and arbitrary
decisions to adjudicate.[7]  The law is well established that, in a
criminal case, defendants are entitled to due process in community supervision[8] and parole revocation[9] hearings.  Similarly, section 5(b) Adoes not deprive this Court of jurisdiction to determine
if a 'hearing' was held that satisfied the requirements of substantive and
procedural due process.@[10] 
As an appellate court, we must ensure that constitutional protections
are honored.  In doing so, we are
obligated to entertain claims regarding the constitutionality of a statute or
constitutional violations in the statute=s application.

I would hold
that Appellant may challenge the admissibility of evidence at the adjudication
hearing as well as the legal sufficiency of the evidence to prove a
violation.  The courts have already
recognized that a defendant may challenge the impartiality of the judge and the
fairness of the proceeding.[11]  But once it is clear that a defendant=s due process interests were adequately protected, the
decision to adjudicate, lying within the sound discretion of the judge, may not
be appealed.  

Because the
majority relies on the mistaken premise that the Texas Constitution does not
provide a right to appellate review of criminal convictions in summarily
holding that Article 42.12, section 5(b) is not facially unconstitutional, I
respectfully dissent.

 

 

LEE ANN DAUPHINOT

JUSTICE








PUBLISH

 











[1]See Tex.
R. App. P. 47.4.





[2]We do not, as the dissent claims,
rely on the Apremise that the Texas
Constitution does not provide a right to appellate review of criminal
convictions.@ 
We simply hold that the court of criminal appeals has so interpreted the
Texas Constitution and, as a superior court, their interpretation is binding on
this court.  See Wiley v. State,
112 S.W.3d 173, 175 (Tex. App.CFort Worth 2003, pet. ref'd)
(noting that intermediate appellate courts are bound to follow the
pronouncements of the court of criminal appeals).





[1]Tex.
Const. art. V, ' 5(a), (b).





[2]Id.





[3]Rinaldi v. Yeager, 384 U.S. 305, 310, 86 S. Ct.
1497, 1500 (1966); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App.
1992).





[4]Millican v. State, 145 Tex. Crim. 195, 167 S.W.2d
188, 191 (1943) (op. on reh=g).





[5]Small v. State, 977 S.W.2d 771, 776-77 (Tex.
App.CFort Worth 1998, no pet.)
(Dauphinot, J., concurring).





[6]See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2005).





[7]Of course, a writ of habeas corpus
under article 11.07 of the Texas Code of Criminal Procedure is always
available, but it seems an unnecessary burden to place on the Texas Court of
Criminal Appeals.





[8]See Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S. Ct.
1756, 1759‑60 (1973); Ruedas v. State, 586 S.W.2d 520, 523 (Tex.
Crim. App. [Panel Op.] 1979).





[9]See Morrissey v. Brewer, 408 U.S. 471, 481, 92 S. Ct.
2593, 2600 (1972).





[10]Eldridge v. State, 731 S.W.2d 618, 619 (Tex. App.CHouston [1st Dist.] 1987, no pet.); see Gilbert v.
State, 852 S.W.2d 623, 625‑26 (Tex. App.CAmarillo 1993, no pet.) (A[A]rt. 42.12, ' 5(b) . . . is not intended to preclude challenges to all
of the rulings a trial court may potentially make in the course of a deferred
adjudication proceeding.  . . .  The adjudication hearing must provide a
defendant with minimum substantive and procedural due process protection.@); Goins v. State, 826 S.W.2d 733, 735 (Tex. App.CHouston [14th Dist.] 1992, no pet.); see also Homan v.
Hughes, 708 S.W.2d 449, 452 (Tex. Crim. App. 1986) (ANothing in Art. 42.12, supra, prohibits appeal of matters
unrelated to the determination of guilt after a deferred adjudication.  In fact, a plain reading of the germane section
indicates just the opposite.@); Wright v. State, 592
S.W.2d 604, 605 (Tex. Crim. App.  [Panel
Op.] 1980); Earley v. State, 855 S.W.2d 260, 261‑63 (Tex. App.CCorpus Christi 1993), pet. dism=d, improvidently granted, 872 S.W.2d 758 (Tex. Crim. App. 1994); De Leon
v. State, 797 S.W.2d 186, 187‑88 (Tex. App.CCorpus Christi 1990, no pet.) (A[A] body of decisional law has developed to allow a
defendant to raise limited challenges to the trial court=s decision to adjudicate.@).





[11]See, e.g., Earley, 855 S.W.2d at 262-63.















 [COMMENT1]

Maj. Op. by Justice Walker;
Dissenting Op. by Justice Dauphinot