Opinion filed September 25, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September
25, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00040-CR 

                                                     __________

 

                           ANTHONY
RAYMOND MERCER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
County, Texas

 

                                                 Trial
Court Cause No. CR16745

 



 

                                             M
E M O R A N D U M  O P I N I O N








This
is an appeal from a judgment adjudicating guilt.  Anthony Raymond Mercer
entered a plea of guilty to the first degree felony offense of aggravated
assault on a public servant.  Pursuant to the plea bargain agreement, the trial
court deferred the adjudication of his guilt, placed him on community
supervision for five years, and assessed a fine of $2,000.  The State=s motion to adjudicate
alleged that appellant had violated the conditions of his community supervision
by committing Aassault/family
violence@ and by
failing to complete the Acommunity
service restitution@
that had been ordered.  At the conclusion of the hearing, the trial court found
that appellant had violated the terms and conditions of his community
supervision, revoked his community supervision, adjudicated appellant=s guilt, and imposed a
sentence of confinement for twenty years.

In
three issues, appellant argues that the version of Tex. Code Crim. Proc. art. 42.12, ' 5(b) that was in effect at the time of his
adjudication hearing violated his due process and equal protection rights, that
he was denied a separate punishment hearing following the trial court=s determination to
adjudicate his guilt, and that the evidence was insufficient to support the
trial court=s
revocation of his community supervision.  We affirm.

Article
42.12, Section 5(b)

Former
Article 42.12, section 5(b), that is applicable in this case, provided:

On
violation of a condition of community supervision imposed under Subsection (a)
of this section, the defendant may be arrested and detained as provided in
Section 21 of this article.  The defendant is entitled to a hearing limited to
the determination by the court of whether it proceeds with an adjudication of
guilt on the original charge.  No appeal may be taken from this
determination (emphasis added).

 

Tex. Code Crim. Proc. art. 42.12, ' 5(b) (2003).

Article
42.12, section 5(b) was amended in 2007.  The provision that A[n]o appeal may be taken
from this determination [to proceed with an adjudication of guilt]@ was deleted.  After
June 15, 2007, the defendant can request that an appellate court review
the trial court=s
revocation of deferred adjudication in the same manner as it reviews a
revocation order where the trial court had not deferred an adjudication of
guilt.  See Act of May 28, 2007, 80th Leg., R.S., ch. 1308, 2007 Tex.
Gen. Laws 4397.

Because
appellant did not have the benefit of the revised provisions of Article 42.12,
section 5(b) regarding an appeal, appellant argues in his first issue that his
due process and equal protection rights were violated.  Appellant=s arguments were, in
essence, made and rejected in Trevino v. State, 164 S.W.3d 464 (Tex.
App.CFort Worth 2005,
no pet.), and Atchison v. State, 124 S.W.3d 755 (Tex. App.CAustin 2003, pet. ref=d).  We agree with the
reasoning in those cases.








In
Atchison, the defendant argued that former Article 42.12, section 5(b)
violated his due process and equal protection rights because there was no
rational basis for distinguishing between ordinary probationers and deferred
adjudication probationers with respect to the right of appeal.  The Austin
court rejected those arguments, pointing out that there is no federal or state
constitutional right to appeal a criminal conviction and that the right to
appeal is regulated by the legislature.  Id. at 760; Phynes v. State,
828 S.W.2d 1, 2 (Tex. Crim. App. 1992).  The Austin court found that former
Article 42.12, section 5(b)=s
limitation of the right of appeal was a rational part of the overall deferred
adjudication scheme that distinguished between ordinary probationers and
deferred adjudication probationers.  Therefore, the Austin court held that the
defendant=s
constitutional rights were not violated by former Article 42.12, section 5(b). 
Even though the legislature has changed Article 42.12, section 5(b) to allow
appeals after June 15, 2007, from an order adjudicating guilt, we hold that
appellant=s due
process and equal protection rights have not been violated.  Appellant=s first issue is overruled.

Separate
Punishment Hearing

In
appellant=s second
issue, he argues that he was denied a separate punishment hearing following the
trial court=s
determination to adjudicate his guilt.  Defendants are entitled to a hearing on
punishment separate from the hearing on the decision to adjudicate.  However,
this is a statutory right provided by Article 42.12, section 5(b) and can be
waived absent a timely objection or complaint in a motion for new trial.  Vidaurri
v. State, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001); Issa v. State,
826 S.W.2d 159, 160-61 (Tex. Crim. App. 1992).  In this case, appellant
specifically waived his right to a separate punishment phase.  The trial court
confirmed with appellant on the record that he wanted a unified proceeding
where appellant could present all his evidence to the court, including
mitigating evidence on punishment.  Both appellant and his attorney stated that
appellant wanted a unified proceeding.  Appellant waived his right to a
separate punishment hearing.








Although
appellant=s argument
is not entirely clear, it appears that he is contending that former Article
42.12, section 5(b)=s
denial of his right to appeal the trial court=s
decision to adjudicate denied him a meaningful punishment hearing.  We
disagree.  The record before us establishes that appellant was accorded all his
due process rights under Gagnon v. Scarpelli, 411 U.S. 778 (1973). 
Appellant was given written notice of the claimed violations of supervision;
the evidence against him was disclosed; he was given the opportunity to be
heard and to present witnesses at the adjudication hearing; he was allowed to
confront and cross-examine adverse witnesses; and the motion to adjudicate was
heard by a neutral and detached decision maker.  Appellant presented eight
witnesses, including four witnesses who testified to punishment mitigation
factors.  Appellant=s
second issue is overruled.  See Atchison, 124 S.W.3d at 761.

Sufficiency
of the Evidence 

In
appellant=s third
issue, he contends that the evidence was insufficient to support the trial
court=s order of
revocation and that, therefore, the trial court abused its discretion.  Because
former Article 42.12, section 5(b) did not permit an appeal from the decision
to adjudicate guilt, the Court of Criminal Appeals specifically held in Williams
v. State, 592 S.W.2d 931, 932 (Tex. Crim. App. 1979), that a defendant
could not challenge the sufficiency of the evidence to support the trial court=s findings.  Thus, we do
not have jurisdiction to consider appellant=s
claim that the evidence was insufficient to revoke community supervision and
adjudicate guilt.  See Atchison, 124 S.W.3d at 757-58.  Appellant=s third issue is overruled.

Even
if the revised Article 42.12, section 5(b) were applicable and the sufficiency
challenge were allowed, the evidence was sufficient to support the trial court=s order of revocation. 
Under the revision, the State has the burden of showing by a preponderance of
the evidence that appellant committed a violation of the conditions of his
community supervision.  Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim.
App. 1993).  The trial court is the sole judge of the credibility of the
witnesses and the weight given to their testimony, and we review that evidence
in the light most favorable to the trial court=s
ruling.  Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). 
The State only has to prove one of the alleged violations of the conditions of
supervision to support a trial court=s
revocation order.  Tex. Code Crim. Proc.
Ann. art. 42.12, '
21(b) (Vernon Supp. 2008).

The
victim of the assault/family violence in this case was appellant=s son.  The victim
testified that, on the evening in question, his father had come home so drunk
that he could barely walk.  The victim had prepared his father=s supper, put it in the
microwave, and went to bed.  He woke up on the floor being hit by his dad.  The
victim described how appellant assaulted him.  The next day, the victim told
his school counselor how his father had abused him the night before, hitting
and choking him.  The victim said that appellant=s
girlfriend, Kellie Wynne, got appellant to stop beating him.  After the victim
reported the incident to his school counselor, Child Protective Services
intervened, and the victim had not been back to his father=s house when he testified.








The
victim=s sister
testified that she was awakened by her father=s
yelling at the victim.  She saw appellant hit her brother in the head with an
electric guitar.  The victim=s
sister also saw her brother pushed against the wall by appellant.  The State
introduced photographs of the victim=s
injuries that were taken at the school the day after appellant beat him. 
Although Kellie and her son testified that the bruises on the victim were the
result of football practice, the trial court was the judge of the credibility
of the witnesses and was entitled to believe the victim and his sister.

Jay
Curtis, the community supervision officer for appellant, testified that the
trial court had originally assessed 150 hours of community service, to be
performed at a rate of eight hours per month, and that appellant failed to
complete any hours during the time he was on community supervision.  Therefore,
appellant had also violated Condition No. 12 of his community supervision. 

This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

September 25,
2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.