

**NUMBER 13-16-00500-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI − EDINBURG**

---

**EUTIMIO SANCHEZ JR.,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 36th District Court
of San Patricio County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Eutimio Sanchez was convicted of indecency with a child, a second-degree felony. *See* TEX. PENAL CODE § 21.11 (West, Westlaw through 2017 1st C.S.). Sanchez argues on appeal that: (1) the twenty-year sentence he received was cruel and unusual and violated the U.S. Constitution; (2) he should have received credit towards his sentence for the six years he served on community supervision; (3) Article 42.12 of

the Texas Code of Criminal Procedure violates the Equal Protection Clause of the Fourteenth Amendment; (4) he received ineffective assistance of counsel at his adjudication hearing; and (5) the trial court erred by not holding a hearing on his motion for new trial.  We affirm.

## I. BACKGROUND

On May 14, 2010, Sanchez pled guilty to the offense of indecency with a child. *See id.*  The trial court deferred finding Sanchez guilty and placed him on probation for ten years.  On March 12, 2013, the State filed a motion to adjudicate guilt.  At the hearing, the State alleged that Sanchez violated the terms of his community supervision by committing a new offense of driving while intoxicated with a child passenger, failing to report the arrest, failing to complete sex offender group therapy, and failing to pay financial arrearages.  Sanchez pled true to all the terms except for the new offense of driving while intoxicated with a child passenger; the trial court allowed Sanchez to remain on community supervision but sanctioned him with a thirty-day jail term.

On August 2, 2016, the State moved again to adjudicate guilt, alleging five violations of his community supervision, including a positive test for cocaine and financial arrearages.  Sanchez pled true to the allegations and asked to remain on community supervision with the condition of attending a substance abuse program; the trial court proceeded to adjudicate guilt.  The trial court found Sanchez guilty of indecency with a child and sentenced Sanchez to twenty years in the Institutional Division of the Texas Department of Criminal Justice.  This appeal ensued.

## II. CRUEL AND UNUSUAL PUNISHMENT

In his first issue, Sanchez argues that the imposition of a twenty-year sentence constitutes cruel and unusual punishment in violation of the U.S. Constitution because the sentence is grossly disproportionate to the offense committed. *See* U.S. CONST. amend. VIII.

## A. Standard of Review and Applicable Law

A sentence which falls within the limits prescribed by a valid statute is usually not excessive, cruel, or unusual. *See Trevino v. State,* 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd). However, the Eighth Amendment of the United States Constitution also requires that a criminal sentence be proportionate to the crime which was committed to avoid being cruel and unusual. *See* U.S. CONST. amend. VIII.; *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). In analyzing a proportionality challenge, the Courts consider: (1) the gravity of the offense and the harshness of the penalty; (2) sentences imposed on other criminals in the same jurisdiction; and (3) sentences imposed for the commission of the same crime in other jurisdictions. *See State v. Stewart*, 282 S.W.3d 729, 736 (Tex. App.—Austin 2009, no pet.). "However, in order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *See Noland*, 264 S.W.3d at 151; TEX. R. APP. P. 33.1(a).

## B. Discussion

Sanchez never raised the issue to the trial court that his punishment was excessive, disproportionate, or cruel and unusual; the trial court imposed Sanchez's

3

sentence without any objections.  He also did not file any post-trial motion to object to his sentence.  In other words, Sanchez complains that his sentence is cruel and unusual for the first time on appeal.  We hold that Sanchez failed to preserve his Eighth and Fourteenth Amendment complaints.  *See Noland*, 264 S.W.3d at 151; *see also* TEX. R. APP. P. 33.1(a).

Moreover, even assuming Sanchez did preserve error, the sentence Sanchez received was not excessive or disproportionate.  Indecency with a child carries a punishment range of two to twenty years' imprisonment.  *See* TEX. PEN. CODE ANN. § 12.33(a) (West, Westlaw through 2017 1st C.S.).  Sanchez received the maximum sentence possible, but it was still within the statutory range.  *See Trevino,* 174 S.W.3d at 928.  Therefore, we overrule his first issue.

## III.  CREDIT FOR COMMUNITY SUPERVISION

In his second issue, Sanchez argues that he should receive credit towards his twenty-year sentence for the six years he served on his ten-year deferred adjudication.  However, the Texas Code of Criminal Procedure specifies that when a defendant's community supervision is revoked,

> the judge shall credit to the defendant time served as a condition of community supervision in a substance abuse felony punishment facility operated by the Texas Department of Criminal Justice under Section 493.009, Government Code, or other court-ordered residential program or facility, but only if the defendant successfully completes the treatment program in that facility.

4

TEX. CODE CRIM. PROC. ANN. art. 42A.755 (West, Westlaw through 2017 1st C.S.).[1] Sanchez did not serve time in a substance abuse felony punishment facility let alone successfully complete the treatment. Therefore, Sanchez is not entitled to credit for his time spent on community supervision. *See id.* We overrule his second issue.[2]

## IV. EQUAL PROTECTION CLAUSE

In his third issue, Sanchez argues that Article 42.12 of the Texas Code of Criminal Procedure violates the Equal Protection Clause of the Fourteenth Amendment because the statute denied him the right to appeal the revocation of his community supervision when similarly situated people not convicted of indecency with a child are entitled to an appeal.[3] *See* TEX. CODE CRIM. PROC. ANN. art. 42A.102 (West, Westlaw through 2017 1st C.S.). He also complains about that the statute unfairly restricts his ability to only be placed on deferred adjudication because of the nature of his underlying offense. However, courts have already held that article 42.12 is not facially unconstitutional. *See Trevino v. State*, 164 S.W.3d 464, 464 (Tex. App.—Fort Worth 2005, no pet.) (observing that the Legislature may properly limit or even "deny the right to appeal a criminal conviction entirely"). We overrule his third issue.

---

[1] At the time appellant was placed on deferred adjudication community supervision, the statutes governing community supervision were codified in article 42.12 of the Texas Code of Criminal Procedure. Effective January 1, 2017, the community supervision statutes were re-codified in chapter 42A of the Code of Criminal Procedure. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 1.01, 2015 Tex. Gen. Laws 2321, 2321–65. Because the re-codification was a non-substantive revision of the community supervision laws, we cite to the current statutes in this opinion.

[2] Sanchez does not raise, and thus we do not address, the issue of how much credit he is entitled to for his thirty-day jail sentence.

[3] Again, Sanchez refers to section 42.12 of the Texas Code of Criminal Procedure, but we will refer to the current statutes as they have been re-codified in chapter 42A.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

In his fourth issue, Sanchez argues that his trial counsel was ineffective because he only met with Sanchez the day before the motion to revoke hearing and because he failed to call witnesses on Sanchez's behalf. In his fifth issue, Sanchez argues that the trial court should have granted his request for a hearing on his motion for new trial related to his ineffective assistance of counsel claim.

### A. Applicable Law

To establish ineffective assistance of counsel, Sanchez must show by a preponderance of the evidence that (1) his counsel's representation fell below the standard of prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 669 (1984). Trial counsel should normally be afforded an opportunity to explain his or her actions before being proclaimed as deficient, especially if counsel's reasons for failing to take an action do not appear in the record. *See Menefield v. State,* 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012). If trial counsel has not been given an opportunity to explain his or her actions, "then the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Id.* Thus, direct appeal is usually an inadequate tool for claims of ineffective assistance because the record has not been developed sufficiently to make such findings. *Id.*

A defendant suffers prejudice when there is a "reasonable probability" that the result of the proceeding would have been different but for counsel's errors. *Thompson v.*

*State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

## B. Discussion

Sanchez gives no support for his assertion that his trial counsel's performance was deficient for only meeting with him the day before the hearing. He does, however, cite several cases to support his claim that his counsel was ineffective for failing to call witnesses. *See King v. State*, 649 S.W.2d 42 (Tex. Crim. App. 1983). Among the witnesses Sanchez wished to have called, other than his aunt and sister, is the sex offender treatment provider, who would have allegedly testified that Sanchez was "doing well on sex offender probation and with treatment."

However, at the second motion to adjudicate, the trial court made an inquiry as to Sanchez's satisfaction with his counsel, to which Sanchez replied that he was satisfied with his representation. Sanchez also informed the trial court that he did not need any additional time to prepare for the hearing. Furthermore, Sanchez's trial counsel was never afforded an opportunity to explain his actions; courts are hesitant to declare a counsel's performance as deficient until they have been afforded an opportunity to explain themselves. *See Menefield,* 363 S.W.3d at 592. Without a fully developed record, we can only speculate as to the strategic choice to not call any additional witnesses; for example, Sanchez's trial counsel might have considered that calling witnesses would only lead to detrimental testimony. *See id.* His trial counsel's actions were not "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

More importantly, Sanchez has not established a "reasonable probability" that the result of the proceeding would have been different had these witnesses been called or had his counsel met with him more than one day before the hearing. *See Thompson*, 9 S.W.3d at 812. Sanchez pled guilty to the underlying offense of indecency with a child. The stipulated evidence indicated that the claimant was a sixteen-year old special needs child who told a CPS caseworker that Sanchez had done some "bad things" to him "about ten times." On top of the gravity of the underlying offense, Sanchez also tested positive for cocaine, and at the first motion to adjudicate, the State showed that Sanchez failed to complete the sex offender group therapy program. Even assuming without deciding, that Sanchez's trial counsel's performance was deficient, we cannot conclude that Sanchez suffered prejudice as a result. *See Menefield,* 363 S.W.3d at 592. We overrule Sanchez's fourth issue.

In his fifth issue, Sanchez argues that the trial court abused its discretion by failing to hold a hearing on his motion for new trial. *See Smith v. Smith*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). According to Sanchez, he would have been able to develop the record on his ineffective assistance of counsel claim had the trial court held a hearing. However, as Sanchez acknowledges, the right to a hearing on a motion for new trial is not absolute. *See Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). Given the trial court's familiarity with the case, the trial court could have reasonably concluded from the record that Sanchez's counsel did not render ineffective assistance of counsel, especially considering Sanchez himself had just recently testified that he was satisfied with his representation and that he did not need additional time. Additionally, the trial

court may have concluded that there is nothing the additional witnesses could have added that would have changed the outcome of the adjudication. *See id.* Therefore, the trial court did not abuse its discretion in not holding a hearing on Sanchez's motion for new trial. *See Smith*, 286 S.W.3d at 339. We overrule Sanchez's fifth issue.

## VI. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of June, 2018.