**Harry James WHITNEY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–04–311–CR.**

Court of Appeals of Texas, Fort Worth.

March 23, 2006.

J. Rex Barnett, Fort Worth, for appellant.

Tim Curry, Crim. D.A., Charles M. Mallin, Asst. Crim. D.A. and Chief of the Appellate Division, Sharon A. Johnson, Asst. Crim. D.As., Fort Worth, for state.

PANEL F: DAUPHINOT, GARDNER, and WALKER, JJ.

## MEMORANDUM OPINION[1]

SUE WALKER, Justice.

### I. INTRODUCTION

Appellant Harry James Whitney appeals the trial court's judgment adjudicating him guilty of the offense of sexual assault of a child under seventeen years of age and sentencing him to three years' confinement. In two points, Whitney complains that article 42.12, section 5 of the Texas Code of Criminal Procedure is unconstitutional and that his trial counsel was ineffective. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5 (Vernon Supp.2005). We will affirm.

### II. PROCEDURAL BACKGROUND

On July 28, 2003, Whitney entered an open plea of guilty to the offense of sexual assault of a child under seventeen years of age. The trial court ordered a pre-sentence investigation report, and on November 25, 2003, the trial court placed Whitney on deferred adjudication community supervision for ten years. On May 25, 2004, the State filed a petition to proceed to adjudication, alleging that Whitney had been discharged from his sex offender treatment program because he had failed to attend a counseling appointment and had failed to complete the required community safety polygraph, that Whitney had been within 300 feet of a place where children commonly gather, that he had attempted contact with minor children, and that he had failed to pay court costs. On June 24, 2004, the trial court held a hearing and found that Whitney had violated the terms of his supervision, adjudicated

him guilty, and assessed his punishment at three years' confinement. The record contains no transcript of this hearing.

### III. CONSTITUTIONALITY OF ARTICLE 42.12, SECTION 5

■ In his first point, Whitney argues that article 42.12, section 5 of the code of criminal procedure is unconstitutional because it denies a defendant the right to a non-arbitrary decision by a neutral and impartial court, thus violating the Equal Protection and Due Process Clauses of the United States and Texas Constitutions.

We recently addressed whether the statutory denial of the right to appeal as set forth in article 42.12, section 5(b) is facially unconstitutional in *Trevino v. State*, 164 S.W.3d 464, 464 (Tex.App.-Fort Worth 2005, no pet.). As we stated in *Trevino*, the court of criminal appeals has held that the Texas Constitution does not provide a right to appellate review of criminal convictions and that the legislature therefore may properly limit or even deny the right to appeal a criminal conviction entirely. *Id.* (citing *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992), and *Henderson v. State*, 132 S.W.3d 112, 114 (Tex.App.-Dallas 2004, no pet.)).[2] Because article 42.12, section 5(b) bars an appeal from the trial court's determination to proceed with an adjudication of guilt, we dismiss Whitney's first point. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b).

### IV. EFFECTIVE ASSISTANCE OF COUNSEL

In his second point, Whitney contends that his trial counsel was ineffective be-

---

1. *See* TEX.R.APP. P. 47.4.

2. We do not, as the dissent claims, rely on the "premise that the Texas Constitution does not provide a right to appellate review of criminal convictions." We simply hold that the court of criminal appeals has so interpreted the Texas Constitution and, as a superior court,

their interpretation is binding on this court. *See Wiley v. State*, 112 S.W.3d 173, 175 (Tex. App.-Fort Worth 2003, pet. ref'd) (noting that intermediate appellate courts are bound to follow the pronouncements of the court of criminal appeals).

cause he failed to have the court reporter transcribe the punishment hearing.

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Salinas v. State,* 163 S.W.3d 734, 740 (Tex. Crim.App.2005); *Mallett v. State,* 65 S.W.3d 59, 62–63 (Tex.Crim.App.2001); *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999); *Hernandez v. State,* 988 S.W.2d 770, 770 (Tex.Crim.App.1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson,* 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland,* 466 U.S. at 688–89, 104 S.Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas,* 163 S.W.3d at 740; *Mallett,* 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson,* 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas,* 163 S.W.3d at 740 (quoting *Mallett,* 65 S.W.3d at 63). To overcome the presumption of reasonable professional as-

sistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Salinas,* 163 S.W.3d at 740 (quoting *Thompson,* 9 S.W.3d at 813).

■ Here, there is no record of the proceedings against Whitney, and Whitney failed to file and secure a hearing on a motion for new trial. The record is silent regarding why Whitney's trial counsel failed to request a record of the punishment hearing or whether he objected to the failure to record the hearing. Thus, we hold that Whitney failed to meet the first prong of *Strickland. See Strickland,* 466 U.S. at 688–89, 104 S.Ct. at 2065; *Salinas,* 163 S.W.3d at 740 (quoting *Thompson,* 9 S.W.3d at 813). We overrule Whitney's second point.

### V. Conclusion

Having dismissed Whitney's first point and having overruled his second point, we affirm the trial court's judgment.

DAUPHINOT, J. filed a dissenting opinion.

LEE ANN DAUPHINOT, Justice, dissenting.

I write separately to point out that the Texas Constitution does create the right to appeal,[1] and it is that document which gives our legislature the authority to place limits on that right.[2]

As I have stated previously,

The cornerstone of the restricted appeal from an adjudication hearing is not that the right to appeal is a legislatively created right, as this court has erroneously stated in the past. Rather, it is that the constitutionally—grounded

---

1. Tex. Const. art. V, § 5(a), (b).

2. *Id.*

right to appeal may be regulated by the legislature.[3] Specifically, "in this state, the right of appeal is conferred only by the Constitution, with such exceptions or limitations as the legislature directs by statute."[4] Constitutional guarantees of due process and equal protection require that once the right to appeal a criminal conviction exists, it must be fairly applied.[5]

The legislature has prohibited a defendant's questioning the decision to adjudicate.[6] The legislature has not prohibited his challenging the procedure, that is, the propriety of the conduct of the adjudication hearing. Were we to continue blindly to adhere to the notion that there are no constitutional limits to the legislature's authority to regulate appeals, we would be forced to hold that the legislature could write into every statute it passes that

there could be "no appeal challenging the constitutionality of this statute."

To hold that the legislature may suspend all constitutional guarantees to persons on deferred adjudication community supervision invites capricious and arbitrary decisions to adjudicate.[7] The law is well established that, in a criminal case, defendants are entitled to due process in community supervision[8] and parole revocation[9] hearings. Similarly, section 5(b) "does not deprive this Court of jurisdiction to determine if a 'hearing' was held that satisfied the requirements of substantive and procedural due process."[10] As an appellate court, we must ensure that constitutional protections are honored. In doing so, we are obligated to entertain claims regarding the constitutionality of a statute or constitutional violations in the statute's application.

---

3. *Rinaldi v. Yeager*, 384 U.S. 305, 310, 86 S.Ct. 1497, 1500, 16 L.Ed.2d 577 (1966); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim. App.1992).

4. *Millican v. State*, 145 Tex.Crim. 195, 167 S.W.2d 188, 191 (1943) (op. on reh'g).

5. *Small v. State*, 977 S.W.2d 771, 776–77 (Tex.App.-Fort Worth 1998, no pet.) (Dauphinot, J., concurring).

6. *See* Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.2005).

7. Of course, a writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure is always available, but it seems an unnecessary burden to place on the Texas Court of Criminal Appeals.

8. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656 (1973); *Ruedas v. State*, 586 S.W.2d 520, 523 (Tex.Crim.App. [Panel Op.] 1979).

9. *See Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972).

10. *Eldridge v. State*, 731 S.W.2d 618, 619 (Tex.App.-Houston [1st Dist.] 1987, no pet.);

*see Gilbert v. State*, 852 S.W.2d 623, 625–26 (Tex.App.-Amarillo 1993, no pet.) ("[A]rt. 42.12, § 5(b) ... is not intended to preclude challenges to all of the rulings a trial court may potentially make in the course of a deferred adjudication proceeding.... The adjudication hearing must provide a defendant with minimum substantive and procedural due process protection."); *Goins v. State*, 826 S.W.2d 733, 735 (Tex.App.-Houston [14th Dist.] 1992, no pet.); *see also Homan v. Hughes*, 708 S.W.2d 449, 452 (Tex.Crim.App. 1986) ("Nothing in Art. 42.12, supra, prohibits appeal of matters unrelated to the determination of guilt after a deferred adjudication. In fact, a plain reading of the germane section indicates just the opposite."); *Wright v. State*, 592 S.W.2d 604, 605 (Tex.Crim.App. [Panel Op.] 1980); *Earley v. State*, 855 S.W.2d 260, 261–63 (Tex.App.-Corpus Christi 1993), *pet. dism'd, improvidently granted*, 872 S.W.2d 758 (Tex.Crim.App.1994); *De Leon v. State*, 797 S.W.2d 186, 187–88 (Tex.App.-Corpus Christi 1990, no pet.) ("[A] body of decisional law has developed to allow a defendant to raise limited challenges to the trial court's decision to adjudicate.").

I would hold that Appellant may challenge the admissibility of evidence at the adjudication hearing as well as the legal sufficiency of the evidence to prove a violation. The courts have already recognized that a defendant may challenge the impartiality of the judge and the fairness of the proceeding.[11] But once it is clear that a defendant's due process interests were adequately protected, the decision to adjudicate, lying within the sound discretion of the judge, may not be appealed.

Because the majority relies on the mistaken premise that the Texas Constitution does not provide a right to appellate review of criminal convictions in summarily holding that Article 42.12, section 5(b) is not facially unconstitutional, I respectfully dissent.

11. *See, e.g., Earley,* 855 S.W.2d at 262–63.