COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-042-CR

BOBBY LEON BLACKWELDER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On June 19, 2003, Appellant Bobby Leon Blackwelder pled guilty to evading arrest, a state jail felony.  Pursuant to a plea bargain agreement, the trial court placed Appellant on deferred adjudication community supervision for four years and assessed a fine of $1,000.  The State subsequently filed a motion to proceed with an adjudication of guilt, asserting that Appellant had violated four conditions of his community supervision.  Appellant pled true to two of the alleged violations.  At the conclusion of the hearing, the trial court adjudged Appellant guilty of evading arrest, found three of the allegations to be true,
(footnote: 2) revoked his community supervision, and assessed his punishment at confinement for one year in the state jail facility.  We affirm.

THE ADJUDICATION HEARING
 

In his second point, Appellant contends that article 42.12, section 5(b) of the Texas Code of Criminal Procedure is unconstitutional because it limits the right of appeal in cases involving deferred adjudication.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2006) (“The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an a
djudication of guilt on the original charge.  No appeal may be taken from this determination.”)
;
 
Davis v. State
, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) (holding that pursuant to article 42.12, section 5(b), courts of appeals do not have jurisdiction to consider claims relating to the trial court’s determination to proceed with an adjudication of guilt on the original charge).   We recently determined that the statutory denial of the right to appeal as set forth in article 42.12, section 5(b) is not facially unconstitutional.  
See
 
Whitney v. State
, 190 S.W.3d 786, 787 (Tex. App.—Fort Worth 2006, no pet.); 
Trevino v. State
, 164 S.W.3d 464, 464 (Tex. App.—Fort Worth 2005, no pet.).  Accordingly, we dismiss Appellant’s second point.

In his third point, Appellant asserts that the trial court erred at the adjudication hearing in not 
sua sponte
 withdrawing Appellant’s plea of true when the evidence allegedly showed that Appellant had not been properly admonished concerning the terms and conditions of his deferred adjudication community supervision.  Because article 42.12, section 5(b) bars an appeal from the trial court’s determination to proceed with an adjudication of guilt, including Appellant’s challenges regarding any of the trial court’s actions during the adjudication hearing, we dismiss Appellant’s third point.

EVIDENCE ADMITTED DURING PUNISHMENT HEARING

In his first point, Appellant complains that the court permitted the State to cross-examine Appellant and his wife about a prior charge against him for felony driving while intoxicated (DWI).  Appellant contends that this questioning violated rule 404(b) of the Texas Rules of Evidence because Appellant was not provided with notice of the State’s intent to use this extraneous offense and because the extraneous offense was inadmissible under rule 404(b). 
 Tex. R. Evid.
 404(b). 

We review a trial court’s ruling to admit or exclude evidence under an abuse of discretion standard.  
Green v. State
, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1200 (1997); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  If the court’s decision falls outside the “zone of reasonable disagreement,” it has abused its discretion.  
Montgomery
, 810 S.W.2d at 391. 

We initially note that Appellant did not preserve any alleged error with regard to the State’s asking Appellant’s wife whether he had been indicted for felony DWI.  When the court sustained Appellant’s objection, Appellant did not ask that the court disregard the question, nor did Appellant move for a mistrial.  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P
. 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  
The objecting party must pursue an objection to an adverse ruling.  
See Brooks v. State
, 642 S.W.2d 791, 798 (Tex. Crim. App. [Panel Op.] 1982); 
Turro v. State
, 950 S.W.2d 390, 405 (Tex. App.—Fort Worth 1997, pet. ref’d).  By sustaining Appellant’s objection, the trial court provided Appellant with all the relief he requested, and nothing is preserved for our review.

Appellant next complains that during the State’s cross-examination of him  at the punishment hearing the court permitted the State to ask him whether he had been indicted on a felony DWI charge.  
Appellant asserts that the State’s “Motion to Revoke” provided him no notice under rule 404(b) of its intention to refer to the alleged felony DWI indictment.  Assuming that Appellant is referring to the State’s motion to proceed with an adjudication of guilt, a
rticle 37.07, section 3(g) of the code of criminal procedure 
requires the State to give notice of extraneous offenses to be introduced during the punishment stage in the same manner required by rule 404(b), if the appellant timely requests it.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(g) (Vernon 2006); 
Tex. R. Evid.
 404(b). 
 There is no indication in the record before us that 
Appellant ever made such a request, nor did he object at trial that proper notice was not given. 
 Further, the notice requirements of article 37.07, section 3(g) apply only to extraneous offense evidence to be introduced during the State’s case-in-chief during the punishment stage.  
Jaubert v. State
, 74 S.W.3d 1, 4 (Tex. Crim. App.), 
cert. denied
, 537 U.S. 1005 (2002).  
The extraneous offense evidence in this case was introduced during cross-examination and rebuttal testimony, not in the State’s case-in-chief.  Therefore, Appellant was not entitled to notice of the extraneous offense.  
See id.
  Accordingly, we disagree that the State failed to provide sufficient notice of its intent to cross-examine Appellant regarding his prior DWI.

Article 37.07, section 3(a)(1) provides that after a finding of guilt, evidence may be offered by the State or the defendant 

as to any matter the court deems relevant to sentencing including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a)(1) (Vernon 2006).

The court of criminal appeals has observed that the admissibility of evidence at the punishment phase is a function of policy rather than relevancy because there are no distinct facts of consequence that proffered evidence can be said to make more or less likely to exist.  
Mendiola v. State
, 21 S.W.3d 282, 285 (Tex. Crim. App. 2000)
; 
see also 
Tex. R. Evid.
 401 (stating that relevant evidence is evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence).

Appellant requested that the court not adjudicate him guilty of the instant offense but continue him on deferred adjudication community supervision. Because Appellant was seeking continuation of his probated sentence, the trial court could properly have deemed the complained-of evidence to be relevant to Appellant’s sentencing.  
See Ellison v. State
, 201 S.W.3d 714, 716-17 (Tex. Crim. App. 2006) (holding that a defendant’s suitability for community supervision is a matter “relevant to sentencing” under article 37.07, section 3(a)).  Further, we cannot conclude that the danger of its unfair prejudice substantially outweighed its probative value.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a); 
Tex. R. Evid.
 403; 
Rogers
 
v. State
, 991 S.W.2d 263, 266-67 (Tex. Crim. App. 1999).
  Consequently, we hold that the trial court did not abuse its discretion in admitting the evidence and we overrule Appellant’s first point.

CONCLUSION

Having overruled Appellant’s first point and dismissed his second and third points, we affirm the judgment of the trial court.

PER CURIAM

PANEL A:  HOLMAN, LIVINGSTON, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  December 7, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant pled true to allegations (v-1) and (x); he pled not true to allegation (a).  The court found (v-1), (x), and (a) to be true.