COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-042-CR

 

 

BOBBY LEON BLACKWELDER                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On June 19, 2003, Appellant
Bobby Leon Blackwelder pled guilty to evading arrest, a state jail felony.  Pursuant to a plea bargain agreement, the
trial court placed Appellant on deferred adjudication community supervision for
four years and assessed a fine of $1,000. 
The State subsequently filed a motion to proceed with an adjudication of
guilt, asserting that Appellant had violated four conditions of his community
supervision.  Appellant pled true to two
of the alleged violations.  At the
conclusion of the hearing, the trial court adjudged Appellant guilty of evading
arrest, found three of the allegations to be true,[2]
revoked his community supervision, and assessed his punishment at confinement
for one year in the state jail facility.  We affirm.

                               THE ADJUDICATION HEARING

In his second point,
Appellant contends that article 42.12, section 5(b) of the Texas Code of
Criminal Procedure is unconstitutional because it limits the right of appeal in
cases involving deferred adjudication.  See
Tex. Code Crim. Proc. Ann. art.
42.12, ' 5(b) (Vernon Supp. 2006) (AThe defendant is entitled to a hearing limited to the determination by
the court of whether it proceeds with an adjudication of guilt on the original
charge.  No appeal may be taken from this
determination.@); Davis
v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) (holding that pursuant
to article 42.12, section 5(b), courts of appeals do not have jurisdiction to
consider claims relating to the trial court=s determination to proceed with an adjudication of guilt on the
original charge).








We recently determined that
the statutory denial of the right to appeal as set forth in article 42.12,
section 5(b) is not facially unconstitutional. 
See Whitney v. State, 190 S.W.3d 786, 787 (Tex. App.CFort Worth 2006, no pet.); Trevino v. State, 164 S.W.3d 464,
464 (Tex. App.CFort Worth
2005, no pet.).  Accordingly, we dismiss
Appellant=s second
point.

In his third point, Appellant
asserts that the trial court erred at the adjudication hearing in not sua
sponte withdrawing Appellant=s plea of true when the evidence allegedly showed that Appellant had
not been properly admonished concerning the terms and conditions of his
deferred adjudication community supervision. 
Because article 42.12, section 5(b) bars an appeal from the trial court=s determination to proceed with an adjudication of guilt, including
Appellant=s challenges
regarding any of the trial court=s actions during the adjudication hearing, we dismiss Appellant=s third point.

               EVIDENCE ADMITTED DURING PUNISHMENT HEARING

In his first point, Appellant
complains that the court permitted the State to cross-examine Appellant and his
wife about a prior charge against him for felony driving while intoxicated
(DWI).  Appellant contends that this questioning
violated rule 404(b) of the Texas Rules of Evidence because Appellant was not
provided with notice of the State=s intent to use this extraneous offense and because the extraneous
offense was inadmissible under rule 404(b).  Tex. R. Evid. 404(b).








We review a trial court=s ruling to admit or exclude evidence under an abuse of discretion
standard.  Green v. State, 934
S.W.2d 92, 101‑02 (Tex. Crim. App. 1996), cert. denied, 520 U.S.
1200 (1997); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991) (op. on reh=g).  If the court=s decision falls outside the Azone of reasonable disagreement,@ it has abused its discretion.  Montgomery,
810 S.W.2d at 391.








We initially note that
Appellant did not preserve any alleged error with regard to the State=s asking Appellant=s wife whether he had been indicted for felony DWI.  When the court sustained Appellant=s objection, Appellant did not ask that the court disregard the question,
nor did Appellant move for a mistrial. 
To preserve a complaint for our review, a party must have presented to
the trial court a timely request, objection, or motion that states the specific
grounds for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).  The objecting party must pursue an objection
to an adverse ruling.  See Brooks v.
State, 642 S.W.2d 791, 798 (Tex. Crim. App. [Panel Op.] 1982); Turro v.
State, 950 S.W.2d 390, 405 (Tex. App.CFort Worth 1997, pet. ref=d).  By sustaining Appellant=s objection, the trial court provided Appellant with all the relief he
requested, and nothing is preserved for our review.








Appellant next complains that
during the State=s
cross-examination of him  at the
punishment hearing the court permitted the State to ask him whether he had been
indicted on a felony DWI charge.  Appellant
asserts that the State=s AMotion to Revoke@ provided
him no notice under rule 404(b) of its intention to refer to the alleged felony
DWI indictment.  Assuming that Appellant
is referring to the State=s motion to
proceed with an adjudication of guilt, article 37.07, section 3(g) of the code
of criminal procedure requires the State to give notice of extraneous offenses
to be introduced during the punishment stage in the same manner required by
rule 404(b), if the appellant timely requests it.  See Tex.
Code Crim. Proc. Ann. art. 37.07, ' 3(g) (Vernon 2006); Tex. R.
Evid. 404(b).  There is no
indication in the record before us that Appellant ever made such a request, nor
did he object at trial that proper notice was not given.  Further, the notice requirements of article
37.07, section 3(g) apply only to extraneous offense evidence to be introduced
during the State=s
case-in-chief during the punishment stage. 
Jaubert v. State, 74 S.W.3d 1, 4 (Tex. Crim. App.), cert.
denied, 537 U.S. 1005 (2002).  The
extraneous offense evidence in this case was introduced during cross‑examination
and rebuttal testimony, not in the State=s case‑in‑chief. 
Therefore, Appellant was not entitled to notice of the extraneous
offense.  See id.  Accordingly, we disagree that the State
failed to provide sufficient notice of its intent to cross-examine Appellant
regarding his prior DWI.

Article 37.07, section
3(a)(1) provides that after a finding of guilt, evidence may be offered by the
State or the defendant

as to
any matter the court deems relevant to sentencing including but not limited to
the prior criminal record of the defendant, his general reputation, his
character, an opinion regarding his character, the circumstances of the offense
for which he is being tried, and, notwithstanding Rules 404 and 405, Texas
Rules of Evidence, any other evidence of an extraneous crime or bad act that is
shown beyond a reasonable doubt by evidence to have been committed by the
defendant or for which he could be held criminally responsible, regardless of
whether he has previously been charged with or finally convicted of the crime
or act.

 

Tex. Code Crim. Proc.
Ann. art. 37.07, ' 3(a)(1) (Vernon 2006).

The court of criminal appeals
has observed that the admissibility of evidence at the punishment phase is a
function of policy rather than relevancy because there are no distinct facts of
consequence that proffered evidence can be said to make more or less likely to
exist.  Mendiola v. State, 21
S.W.3d 282, 285 (Tex. Crim. App. 2000); see also Tex. R. Evid. 401 (stating that relevant evidence is evidence
having any tendency to make the existence of a fact that is of consequence to
the determination of the action more probable or less probable than it would be
without the evidence).








Appellant requested that the
court not adjudicate him guilty of the instant offense but continue him on
deferred adjudication community supervision. Because Appellant was seeking
continuation of his probated sentence, the trial court could properly have
deemed the complained-of evidence to be relevant to Appellant=s sentencing.  See Ellison v.
State, 201 S.W.3d 714, 716-17 (Tex. Crim. App. 2006) (holding that a
defendant=s
suitability for community supervision is a matter Arelevant to sentencing@ under article 37.07, section 3(a)). 
Further, we cannot conclude that the danger of its unfair prejudice
substantially outweighed its probative value. 
See Tex. Code Crim. Proc.
Ann. art. 37.07, ' 3(a); Tex. R. Evid. 403; Rogers v.
State, 991 S.W.2d 263, 266-67 (Tex. Crim. App. 1999).  Consequently, we hold that the trial court
did not abuse its discretion in admitting the evidence and we overrule
Appellant=s first
point.

                                           CONCLUSION

Having overruled Appellant=s first point and dismissed his second and third points, we affirm the
judgment of the trial court.

 

PER CURIAM

PANEL A: 
HOLMAN, LIVINGSTON, and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 








DELIVERED:  December 7, 2006











[1]See Tex.
R. App. P. 47.4.





[2]Appellant pled true to allegations
(v-1) and (x); he pled not true to allegation (a).  The court found (v-1), (x), and (a) to be
true.