COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-150-CR

 

 

PENNY KINSEY WENNINGER                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 90TH DISTRICT COURT OF YOUNG COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In her sole point, Appellant
Penny Kinsey Wenninger challenges the constitutionality of article 42.12,
section 5(b), of the code of criminal procedure.  We affirm.

 

 








BACKGROUND

In 2000, Appellant pled
guilty to delivery of a controlled substance in an amount of 28 grams or more
but less than 200 grams in a drug free zone. 
Pursuant to a negotiated plea agreement, the court placed Appellant on
deferred adjudication community supervision for seven years and assessed a
$2500 fine.  In 2005, the State filed a
motion to proceed with an adjudication of guilt, alleging that Appellant had
violated three conditions of her community supervision.  Appellant entered an open plea of Atrue@ to the
allegations in the motion to proceed to adjudication.  After the hearing, the trial court
adjudicated Appellant=s guilt and
sentenced her to twenty years= confinement and a fine of $2,500.

             CONSTITUTIONALITY OF ARTICLE 42.12, SECTION 5(b) 








In her sole point, Appellant
claims that her due process rights under article 1, sections 19 and 29 of the
Texas Constitution were violated when her community supervision was revoked and
she was adjudicated guilty under article 42.12, section 5(b) of the code of
criminal procedure.  Specifically,
Appellant claims that article 42.12, section 5(b) is facially unconstitutional
because it limits the right of appeal in cases involving deferred
adjudication.  See Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon 2006) (AThe defendant is entitled to a hearing limited to the determination by
the court of whether it proceeds with an adjudication of guilt on the original
charge.  No appeal may be taken from this
determination.@); Davis
v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) (holding that pursuant
to article 42.12, section 5(b), courts of appeals do not have jurisdiction to
consider claims relating to the trial court=s determination to proceed with an adjudication of guilt on the
original charge).

We have previously determined
that the statutory denial of the right to appeal as set forth in article 42.12,
section 5(b) is not facially unconstitutional. 
See Whitney v. State, 190 S.W.3d 786, 787 (Tex. App.CFort Worth 2006, no pet.) (mem. op.); Trevino v. State, 164
S.W.3d 464, 464 (Tex. App.CFort Worth 2005, no pet.). 
Although Appellant invites us to reconsider our prior holdings, we
decline to do so.  We overrule Appellant=s sole point.

 

DIXON W. HOLMAN

JUSTICE

 

 

PANEL
B:  DAUPHINOT, HOLMAN, and GARDNER, JJ.

 

DAUPHINOT,
J. filed a concurring opinion.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 21, 2007

 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                               COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-150-CR

 

 

PENNY KINSEY WENNINGER                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 90TH DISTRICT COURT OF YOUNG COUNTY

 

                                              ------------

 

                                  CONCURRING
OPINION

 

                                              ------------

For reasons provided in Whitney
v. State[1] and Singhal v.
State,[2] I concur in the result.

LEE ANN DAUPHINOT

JUSTICE

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 








DELIVERED:  June 21, 2007











[1]See Tex.
R. App. P. 47.4.





[1]190 S.W.3d 786, 788-90 (Tex. App.CFort Worth 2006, no pet.)
(Dauphinot, J., dissenting).





[2]No. 02-06-221-CR, 2007 WL 866526,
at *1-2 (Tex. App.CFort Worth Mar. 22, 2007, pet.
filed) (mem. op.) (not designated for publication).