COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-150-CR

PENNY KINSEY WENNINGER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In her sole point, Appellant Penny Kinsey Wenninger challenges the constitutionality of article 42.12, section 5(b), of the code of criminal procedure.  We affirm.

BACKGROUND

In 2000, Appellant pled guilty to delivery of a controlled substance in an amount of 28 grams or more but less than 200 grams in a drug free zone.  Pursuant to a negotiated plea agreement, the court placed Appellant on deferred adjudication community supervision for seven years and assessed a $2500 fine.  In 2005, the State filed a motion to proceed with an adjudication of guilt, alleging that Appellant had violated three conditions of her community supervision.  Appellant entered an open plea of “true” to the allegations in the motion to proceed to adjudication.  After the hearing, the trial court adjudicated Appellant’s guilt and sentenced her to twenty years’ confinement and a fine of $2,500.

CONSTITUTIONALITY OF ARTICLE 42.12, SECTION 5(b)
 

In her sole point, Appellant claims that her due process rights under article 1, sections 19 and 29 of the Texas Constitution were violated when her community supervision was revoked and she was adjudicated guilty under article 42.12, section 5(b) of the code of criminal procedure.  Specifically, Appellant claims that article 42.12, section 5(b) is facially unconstitutional because it limits the right of appeal in cases involving deferred adjudication.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon 2006) (“The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an a
djudication of guilt on the original charge.  No appeal may be taken from this determination.”)
;
 
Davis v. State
, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) (holding that pursuant to article 42.12, section 5(b), courts of appeals do not have jurisdiction to consider claims relating to the trial court’s determination to proceed with an adjudication of guilt on the original charge).

We have previously determined that the statutory denial of the right to appeal as set forth in article 42.12, section 5(b) is not facially unconstitutional.  
See
 
Whitney v. State
, 190 S.W.3d 786, 787 (Tex. App.—Fort Worth 2006, no pet.) (mem. op.); 
Trevino v. State
, 164 S.W.3d 464, 464 (Tex. App.—Fort Worth 2005, no pet.).  Although Appellant invites us to reconsider our prior holdings, we decline to do so.  We overrule Appellant’s sole point.

DIXON W. HOLMAN

JUSTICE

PANEL B:  DAUPHINOT, HOLMAN, and GARDNER, JJ.

DAUPHINOT, J. filed a concurring opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 21, 2007

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-150-CR

PENNY KINSEY WENNINGER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

------------

CONCURRING OPINION

------------

For reasons provided in 
Whitney v. State
(footnote: 1) and 
Singhal v. State,
(footnote: 2) 
I concur in the result.

LEE ANN DAUPHINOT

JUSTICE

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 21, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

1:
190 S.W.3d 786, 788-90 (Tex. App.—Fort Worth 2006, no pet.) (Dauphinot, J., dissenting).

2:
No. 02-06-221-CR, 2007 WL 866526, at *1-2 (Tex. App.—Fort Worth Mar. 22, 2007, pet. filed) (mem. op.) (not designated for publication).