COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-396-CR

RAYMOND WAYNE HERFKENS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In his sole point, Appellant challenges the constitutionality of article 42.12, section 5(b) of the Texas Code of Criminal Procedure.  We affirm.

BACKGROUND

On July 15, 2005, Appellant Raymond Herfkens pled guilty to unauthorized use of a motor vehicle.  The court deferred an adjudication of guilt and placed Appellant on deferred adjudication community supervision for five years.  On September 21, 2006, the State filed its first amended petition to proceed to adjudication, alleging that Appellant had violated his deferred adjudication community supervision.  In particular, the State alleged that Appellant had committed a theft offense, associated with a person of harmful character, and failed to report to the Community Supervision and Corrections Department of Tarrant County.
(footnote: 2)
 Appellant pled true to the failure to report allegation and not true to the remaining two allegations.  After hearing testimony from a loss prevention officer from Foley’s department store and Appellant, the trial court found true the allegation of the theft offense and not true the allegation of association with a person of harmful character.  The trial court adjudicated Appellant’s guilt and sentenced him to two-years’ confinement.

ARTICLE 42.12, SECTION 5(b)

In his sole point, Appellant contends that article 42.12, section 5(b) of the Texas Code of Criminal Procedure is unconstitutional in that it denies a defendant the right to a nonarbitrary decision by a neutral and impartial court, in violation of the Equal Protection and Due Process Clauses of the United States and Texas Constitutions.  Specifically, Appellant argues that a defendant’s limited right to appeal following a deferred adjudication under article 42.12, section (5)(b) is facially unconstitutional.  
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon 2006) (“The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with adjudication of guilt on the original charge.  No appeal may be taken from this determination.”).
(footnote: 3)
 We recently addressed this issue in 
Whitney v. State
, 190 S.W.3d 786, 787 (Tex. App.—Fort Worth 2006, no pet.) (mem. op.).  In 
Whitney
, we held that the Texas Constitution does not provide a right to appellate review of criminal convictions and that the legislature therefore may properly limit or even deny the right to appeal a criminal conviction entirely.  
Id
. (citing 
Trevino v. State
, 164 S.W.3d 464, 464 (Tex. App.—Fort Worth 2005, no pet.);
 see Phynes v. State
, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).
  Thus, the limited right of appeal following deferred adjudication does not render article 42.12, section (5)(b) unconstitutional.  
See
 
Whitney
, 190 S.W.3d at 787
. 
 Based on our previous decision, we overrule Appellant’s point and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b) 

DELIVERED:  October 11, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
In its first amended petition, the State pled three additional allegations against Appellant but waived them at trial.

3:
Effective June 15, 2007, article 42.12, section (5)(b) was amended to allow defendants the right to appeal a trial court’s revocation of deferred adjudication community supervision.  
See 
Act of May 28, 2007, 80th Leg., R.S., S.B. 909 (to be codified as an amendment to 
Tex. Code Crim. Proc. Ann
. art. 42.12, § 5(b)).  However, this right does not extend to Appellant because his trial to proceed to adjudication was held on October 26, 2006.