COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-396-CR

 

 

RAYMOND WAYNE HERFKENS                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In his sole point, Appellant
challenges the constitutionality of article 42.12, section 5(b) of the Texas
Code of Criminal Procedure.  We affirm.

BACKGROUND








On July 15, 2005, Appellant
Raymond Herfkens pled guilty to unauthorized use of a motor vehicle.  The court deferred an adjudication of guilt
and placed Appellant on deferred adjudication community supervision for five
years.  On September 21, 2006, the State
filed its first amended petition to proceed to adjudication, alleging that
Appellant had violated his deferred adjudication community supervision.  In particular, the State alleged that
Appellant had committed a theft offense, associated with a person of harmful
character, and failed to report to the Community Supervision and Corrections
Department of Tarrant County.[2]

Appellant pled true to the
failure to report allegation and not true to the remaining two
allegations.  After hearing testimony
from a loss prevention officer from Foley=s department store and Appellant, the trial court found true the
allegation of the theft offense and not true the allegation of association with
a person of harmful character.  The trial
court adjudicated Appellant=s guilt and sentenced him to two-years= confinement.

ARTICLE 42.12, SECTION 5(b)








In his sole point, Appellant
contends that article 42.12, section 5(b) of the Texas Code of Criminal
Procedure is unconstitutional in that it denies a defendant the right to a
nonarbitrary decision by a neutral and impartial court, in violation of the
Equal Protection and Due Process Clauses of the United States and Texas
Constitutions.  Specifically, Appellant
argues that a defendant=s limited
right to appeal following a deferred adjudication under article 42.12, section
(5)(b) is facially unconstitutional.  See
Tex. Code Crim. Proc. Ann.
art. 42.12, ' 5(b) (Vernon
2006) (AThe defendant is entitled to a hearing limited to the determination by
the court of whether it proceeds with adjudication of guilt on the original
charge.  No appeal may be taken from this
determination.@).[3]








We recently addressed this
issue in Whitney v. State, 190 S.W.3d 786, 787 (Tex. App.CFort Worth 2006, no pet.) (mem. op.). 
In Whitney, we held that the Texas Constitution does not provide
a right to appellate review of criminal convictions and that the legislature
therefore may properly limit or even deny the right to appeal a criminal
conviction entirely.  Id. (citing Trevino
v. State, 164 S.W.3d 464, 464 (Tex. App.CFort Worth 2005, no pet.); see Phynes v. State, 828 S.W.2d 1, 2
(Tex. Crim. App. 1992).  Thus, the
limited right of appeal following deferred adjudication does not render article
42.12, section (5)(b) unconstitutional.  See
Whitney, 190 S.W.3d at 787.  Based on our previous decision, we overrule
Appellant=s point and
affirm the trial court=s judgment.

 

 

PER CURIAM

PANEL F: 
HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)       

 

DELIVERED:  October 11, 2007











[1]See Tex. R.
App. P. 47.4.





[2]In its first amended petition, the
State pled three additional allegations against Appellant but waived them at
trial.





[3]Effective June 15, 2007, article
42.12, section (5)(b) was amended to allow defendants the right to appeal a
trial court=s revocation of deferred
adjudication community supervision.  See
Act of May 28, 2007, 80th Leg., R.S., S.B. 909 (to be codified as an
amendment to Tex. Code Crim. Proc. Ann.
art. 42.12, ' 5(b)).  However, this right does not extend to
Appellant because his trial to proceed to adjudication was held on October 26, 2006.