

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NOS. 2-07-133-CR
### 2-07-134-CR

BOBBY E. HEARN                                                            APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

In two points, Appellant Bobby E. Hearn argues that former article 42.12,
section 5(b) of the Texas Code of Criminal Procedure and the limited application
of the amended statute are unconstitutional in that they violate the Equal
Protection and Due Process Clauses of the United States and Texas

---

[1] *See* TEX. R. APP. P. 47.4.

Constitutions, and that the trial court abused its discretion by proceeding to adjudicate his guilt and revoking his community supervision. We will affirm.

## II. BACKGROUND

On March 24, 2005, a grand jury indicted Hearn for the offense of theft of property of $1,500 or more but less than $20,000. On April 28, 2005, a grand jury indicted Hearn for the offense of selling securities without being a registered dealer. On April 3, 2006, Hearn entered into two separate plea agreements with the State for both offenses. The trial court accepted Hearn's guilty plea on the theft offense, placed him on five years' deferred adjudication community supervision, and ordered him to pay a $1,000 fine. The trial court also accepted Hearn's guilty plea on the securities offense, sentenced him to five years' confinement, and ordered him to pay a $2,000 fine. The trial court suspended the five-year sentence and placed Hearn on ten years' community supervision.

On January 10, 2007, the State filed a petition to proceed to adjudication and a petition to revoke Hearn's probated sentence. The State alleged almost identical violations[2] in each petition: (1) failure to report for a scheduled conference with the trial court; (2) failure to remain in Tarrant County without

_____

[2] The allegations in each petition are the same except for the amounts of the fines set forth in the fourth allegation regarding the failure to pay fines.

2

authorization by the trial court or supervision officer; (3) failure to notify the supervision officer within five days of a change of address; (4) failure to pay fines; and (5) possession or ownership of a weapon.

At the revocation hearing for both offenses, Hearn pled true to every allegation in the petitions. The trial court, based on Hearn's pleas of true, found that he had committed each violation, adjudicated him guilty of the theft offense, and sentenced him to one year's confinement in state jail. The trial court also revoked Hearn's community supervision on the securities offense and sentenced him to three years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The court ordered the sentences to run concurrently.

### III. ARTICLE 42.12, SECTION 5(b)

Hearn's appeal regarding the trial court's determination to adjudicate his guilt is governed by former article 42.12, section 5(b) of the Texas Code of Criminal Procedure because his revocation hearing occurred on April 4, 2007. Former article 42.12, section 5(b) gave defendants no right to appeal the trial court's determination to proceed to an adjudication of guilt and applies to all revocation hearings that occurred before June 15, 2007. *See* Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 53, 1995 Tex. Gen. Laws 2734, 2750, *amended by* Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 Tex.

3

Gen. Laws 4395, 4397 (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2007)). Effective June 15, 2007, the legislature amended article 42.12, section 5(b) so that a trial court's determination to proceed to adjudication is reviewable in the same manner as a revocation hearing in which an adjudication of guilt had not been deferred. *See id*.

In his first point, Hearn argues that former article 42.12, section 5(b) is unconstitutional in that it denies a defendant the right to a nonarbitrary decision by a neutral and impartial court, in violation of the Equal Protection and Due Process Clauses of the United States and Texas Constitutions. Hearn also contends that the limitation of the changes in the amended statute to cases where the revocation hearing occurred on or after June 15, 2007, is unconstitutional under the same grounds.

This court has previously rejected the argument that former article 42.12, section 5(b) is unconstitutional on equal protection or due process grounds, and we decline to reconsider our previous decisions. *See Whitney v. State*, 190 S.W.3d 786, 787 (Tex. App.—Fort Worth 2006, no pet.); *Trevino v. State*, 164 S.W.3d 464, 464 (Tex. App.—Fort Worth 2005, no pet.); *see also Herfkens v. State*, No. 02-06-00396-CR, 2007 WL 2963707, at *1 (Tex. App.—Fort Worth Oct. 11, 2007, pet. ref'd) (mem. op.) (not designated for publication); *Maloney*

*v. State*, No. 02-06-00001-CR, 2006 WL 2986608, at *1 (Tex. App.—Fort Worth Oct 19, 2006, pet ref'd) (mem. op.) (not designated for publication).

Hearn has failed to differentiate his due process and equal protection claims regarding the limited application of the amended statute from the due process and equal protection claims he made about former article 42.12, section 5(b) that we have already rejected. Hearn asserts only that for the "reasons set out above," referencing his argument regarding former article 42.12, section 5(b), the limited application of the amended statute is also unconstitutional. To that extent, we rely on our previous decisions as set forth above and dismiss Hearn's first point.[3] *See Whitney*, 190 S.W.3d at 787.

## IV. Adjudication of Guilt and Revocation of Community Supervision

In his second point, Hearn complains that the trial court abused its discretion by proceeding to adjudicate his guilt on the theft offense and by revoking his community supervision on the securities offense. Because we are

---

[3] Although Hearn has failed to make a specific argument that the amended statute should apply to him, we note that our sister court has recently addressed this issue in *Lamey v. State,* No. 10-07-00149-CR, 2008 WL 191333 (Tex. App.—Waco Jan. 23, 2008, pet. filed) (mem. op.) (not designated for publication). After dismissing the appellant's point regarding whether to apply the amended statute, the court stated in a footnote that defendants that were "similarly situated"—i.e., had revocation hearings before June 15, 2007—were treated the same. *See Lamey*, 2008 WL 191333, at *1 n.1 (citing *Sonnier v. State*, 913 S.W.2d 511, 520–21 (Tex. Crim. App. 1995)).

precluded by former article 42.12, section 5(b) from reviewing a trial court's determination to proceed to adjudication, we will dismiss his claim to that extent and address only Hearn's claim regarding the trial court's revocation of his community supervision on the securities offense. *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) (holding that courts of appeal do not have jurisdiction to consider claims relating to the trial court's determination to proceed with an adjudication of guilt on the original charge).

Hearn argues that the trial court's revocation of his community supervision "was not justified by the evidence." However, Hearn pled true to every allegation in the State's petition to revoke the probated sentence, which is sufficient to support the trial court's revocation of community supervision. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979) ("Appellant's plea of true, standing alone is sufficient to support the revocation of [community supervision]."); *Harrison v. State*, No. 2-02-00322-CR, 2003 WL 21283904, at *1 (Tex. App.—Fort Worth June 5, 2003, pet. ref'd) (mem. op.) (not designated for publication) (same). Hearn contends that his wife's testimony at the hearing raised sufficient defensive issues to render the trial court's revocation an abuse of discretion. We disagree. Even though Hearn raised defensive issues on each violation at the hearing, the trial court was not required to withdraw Hearn's pleas of true under these circumstances. *See*

6

*Moses*, 590 S.W.2d at 470; *Harrison*, 2003 WL 21283904, at *1.

Accordingly, the trial court did not abuse its discretion by revoking Hearn's

community supervision, and we overrule Hearn's second point.[4]

## V. CONCLUSION

Having dismissed Hearn's first point and second point in part and having

overruled Hearn's second point regarding revocation of community supervision,

we affirm the trial court's judgment.


PER CURIAM

PANEL F:  HOLMAN, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  April 24, 2008

---

[4] Hearn also argues that the condition of his community supervision prohibiting him from possessing any firearm or weapon is too vague and ambiguous in that it does not give fair notice of what constitutes a violation of the condition.  This challenge should have been raised by a timely appeal after Hearn was placed on community supervision.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp. 2007); *In re V.A.*, 140 S.W.3d 858, 860 (Tex. App.—Fort Worth 2004, no pet.); *Anthony v. State*, 962 S.W.2d 242, 246 (Tex. App.—Fort Worth 1998, no pet.) (op. on PDR).  We lack jurisdiction to address that point now.