COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                       NOS.
2-07-133-CR

                                               2-07-134-CR

 

 

BOBBY E. HEARN                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction








In two points, Appellant
Bobby E. Hearn argues that former article 42.12, section 5(b) of the Texas Code
of Criminal Procedure and the limited application of the amended statute are
unconstitutional in that they violate the Equal Protection and Due Process
Clauses of the United States and Texas Constitutions, and that the trial court
abused its discretion by proceeding to adjudicate his guilt and revoking his
community supervision.  We will affirm.

II. Background

On March 24, 2005, a grand
jury indicted Hearn for the offense of theft of property of $1,500 or more but
less than $20,000.  On April 28, 2005, a
grand jury indicted Hearn for the offense of selling securities without being a
registered dealer.  On April 3, 2006,
Hearn entered into two separate plea agreements with the State for both
offenses.  The trial court accepted Hearn=s guilty plea on the theft offense, placed him on five years= deferred adjudication community supervision, and ordered him to pay a
$1,000 fine.  The trial court also
accepted Hearn=s guilty
plea on the securities offense, sentenced him to five years= confinement, and ordered him to pay a $2,000 fine.  The trial court suspended the five-year
sentence and placed Hearn on ten years= community supervision.








On January 10, 2007, the
State filed a petition to proceed to adjudication and a petition to revoke
Hearn=s probated sentence.  The State
alleged almost identical violations[2]
in each petition: (1) failure to report for a scheduled conference with the
trial court; (2) failure to remain in Tarrant County without authorization by
the trial court or supervision officer; (3) failure to notify the supervision
officer within five days of a change of address; (4) failure to pay fines; and
(5) possession or ownership of a weapon. 

At the revocation hearing for
both offenses, Hearn pled true to every allegation in the petitions.  The trial court, based on Hearn=s pleas of true, found that he had committed each violation,
adjudicated him guilty of the theft offense, and sentenced him to one year=s confinement in state jail. 
The trial court also revoked Hearn=s community supervision on the securities offense and sentenced him to
three years= confinement
in the Institutional Division of the Texas Department of Criminal Justice.  The court ordered the sentences to run
concurrently.

III. Article 42.12, Section 5(b)








Hearn=s appeal regarding the trial court=s determination to adjudicate his guilt is governed by former article
42.12, section 5(b) of the Texas Code of Criminal Procedure because his
revocation hearing occurred on April 4, 2007. 
Former article 42.12, section 5(b) gave defendants no right to appeal
the trial court=s
determination to proceed to an adjudication of guilt and applies to all
revocation hearings that occurred before June 15, 2007.  See Act of May 28, 1995, 74th Leg.,
R.S., ch. 318, ' 53,
1995 Tex. Gen. Laws 2734, 2750, amended by Act of May 28, 2007, 80th
Leg., R.S., ch. 1308, ' 5,
2007 Tex. Gen. Laws 4395, 4397 (current version at Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2007)).  Effective June 15, 2007, the legislature
amended article 42.12, section 5(b) so that a trial court=s determination to
proceed to adjudication is reviewable in the same manner as a revocation
hearing in which an adjudication of guilt had not been deferred.  See id.

In his first point, Hearn
argues that former article 42.12, section 5(b) is unconstitutional in that it
denies a defendant the right to a nonarbitrary decision by a neutral and
impartial court, in violation of the Equal Protection and Due Process Clauses
of the United States and Texas Constitutions. 
Hearn also contends that the limitation of the changes in the amended
statute to cases where the revocation hearing occurred on or after June 15,
2007, is unconstitutional under the same grounds.








This court has previously
rejected the argument that former article 42.12, section 5(b) is unconstitutional
on equal protection or due process grounds, and we decline to reconsider our
previous decisions.  See Whitney v.
State, 190 S.W.3d 786, 787 (Tex. App.CFort Worth 2006, no pet.); Trevino v. State, 164 S.W.3d 464,
464 (Tex. App.CFort Worth
2005, no pet.); see also Herfkens v. State, No. 02‑06‑00396‑CR,
2007 WL 2963707, at *1 (Tex. App.CFort Worth Oct. 11, 2007, pet. ref=d) (mem. op.) (not designated for publication); Maloney v. State,
No. 02‑06‑00001‑CR, 2006 WL 2986608, at *1 (Tex. App.CFort Worth Oct 19, 2006, pet ref=d) (mem. op.) (not designated for publication).

Hearn has failed to
differentiate his due process and equal protection claims regarding the limited
application of the amended statute from the due process and equal protection
claims he made about former article 42.12, section 5(b) that we have already
rejected.  Hearn asserts only that for
the Areasons set out above,@ referencing his argument regarding former article 42.12, section
5(b), the limited application of the amended statute is also
unconstitutional.  To that extent, we
rely on our previous decisions as set forth above and dismiss Hearn=s first point.[3]
 See Whitney, 190 S.W.3d at 787.

IV. Adjudication of Guilt and Revocation of Community Supervision








In his second point, Hearn
complains that the trial court abused its discretion by proceeding to
adjudicate his guilt on the theft offense and by revoking his community
supervision on the securities offense. 
Because we are precluded by former article 42.12, section 5(b) from
reviewing a trial court=s
determination to proceed to adjudication, we will dismiss his claim to that
extent and address only Hearn=s claim regarding the trial court=s revocation of his community supervision on the securities
offense.  See Davis v. State, 195
S.W.3d 708, 710 (Tex. Crim. App. 2006) (holding that courts of appeal do not
have jurisdiction to consider claims relating to the trial court=s determination to proceed with an adjudication of guilt on the
original charge).








Hearn argues that the trial
court=s revocation of his community supervision Awas not justified by the evidence.@  However, Hearn pled true to
every allegation in the State=s petition to revoke the probated sentence, which is sufficient to
support the trial court=s revocation
of community supervision.  See Moses
v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979) (AAppellant=s plea of
true, standing alone is sufficient to support the revocation of [community
supervision].A); Harrison
v. State, No. 2‑02‑00322‑CR, 2003 WL 21283904, at *1
(Tex. App.CFort Worth
June 5, 2003, pet. ref=d) (mem.
op.) (not designated for publication) (same). 
Hearn contends that his wife=s testimony at the hearing raised sufficient defensive issues to
render the trial court=s revocation
an abuse of discretion.  We
disagree.  Even though Hearn raised
defensive issues on each violation at the hearing, the trial court was not
required to withdraw Hearn=s pleas of true under these circumstances.  See Moses, 590 S.W.2d at 470; Harrison,
2003 WL 21283904, at *1.  Accordingly,
the trial court did not abuse its discretion by revoking Hearn=s community supervision, and we overrule Hearn=s second point.[4]

V. Conclusion

Having dismissed Hearn=s first point and second point in part and having overruled Hearn=s second point regarding revocation of community supervision, we
affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:  HOLMAN, WALKER, and
MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
47.2(b)

DELIVERED:  April 24, 2008

 











[1]See Tex. R.
App. P. 47.4.





[2]The allegations in each petition
are the same except for the amounts of the fines set forth in the fourth
allegation regarding the failure to pay fines.





[3]Although Hearn has failed to make a
specific argument that the amended statute should apply to him, we note that
our sister court has recently addressed this issue in Lamey v. State, No.
10-07-00149-CR, 2008 WL 191333 (Tex. App.CWaco Jan. 23, 2008, pet.
filed) (mem. op.) (not designated for publication). 
After dismissing the appellant=s point regarding whether to apply the amended statute, the
court stated in a footnote that defendants that were Asimilarly
situated@Ci.e.,
had revocation hearings before June 15, 2007Cwere treated the same.  See Lamey, 2008
WL 191333, at *1 n.1 (citing Sonnier v. State, 913 S.W.2d 511, 520B21
(Tex. Crim. App. 1995)). 





[4]Hearn also argues that the
condition of his community supervision prohibiting him from possessing any
firearm or weapon is too vague and ambiguous in that it does not give fair
notice of what constitutes a violation of the condition.  This challenge should have been raised by a
timely appeal after Hearn was placed on community supervision.  See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 23(b) (Vernon Supp. 2007); In re
V.A., 140 S.W.3d 858, 860 (Tex. App.CFort Worth 2004, no pet.);
Anthony v. State, 962 S.W.2d 242, 246 (Tex. App.CFort Worth 1998, no pet.)
(op. on PDR).  We lack jurisdiction to address that point
now.